# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3057
_____

Shannon D. Robinett,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee*.
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 21, 2017
Filed: March 30, 2018
_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Shannon D. Robinett sought post-conviction relief in the district court[1] on the ground that his fifteen-year prison sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), was imposed in violation of the Constitution and in

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

excess of the maximum authorized by law. Robinett contends that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague, the sentencing court should not have concluded that he sustained three previous convictions for a violent felony. As such, he argues, enhanced punishment under the ACCA was imposed unconstitutionally and in excess of the statutory maximum. The district court concluded that Robinett still had at least three qualifying prior convictions and denied relief. We agree and therefore affirm.

Robinett pleaded guilty in 2009 to unlawful possession of a firearm as a previously convicted felon under 18 U.S.C. § 922(g)(1). Under the ACCA, a defendant who violates § 922(g) is subject to a statutory minimum of fifteen years' imprisonment if he has sustained three or more previous convictions for a violent felony committed on occasions different from one another. 18 U.S.C. § 924(e)(1). Otherwise, the maximum sentence is 10 years' imprisonment. *Id*. § 924(a)(2).

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, or extortion, [or] involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B). These three clauses are sometimes described, respectively, as the force clause, the enumerated-offenses clause, and the residual clause. The sentencing court determined that Robinett had sustained three prior convictions for violent felonies and sentenced him to the statutory minimum term of fifteen years' imprisonment. The court did not specify the clause on which it relied to count each previous conviction, but Robinett had sustained three convictions that qualified under the residual clause at the time of sentencing. Since then, however, the Supreme Court in *Johnson* declared the residual clause unconstitutionally vague, and then held that

*Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Robinett moved to correct his sentence under 28 U.S.C. § 2255. He urged that without the residual clause of § 924(e), he had not sustained three prior convictions that qualify as violent felonies. The district court denied his motion, concluding that four of Robinett's prior convictions qualify under the force clause. The court relied on two convictions for second-degree assault in Missouri, a conviction for second-degree robbery in Missouri, and a conviction for robbery in Kansas.

On appeal, Robinett argues that neither his Missouri second-degree robbery conviction nor his Kansas robbery conviction is a violent felony under the force clause. He also contends that the district court erred by counting his two convictions for second-degree assault as separate previous convictions, because the offenses were not "committed on occasions different from one another" within the meaning of § 924(e)(1).

We see no error in the district court's counting of the two assault convictions. In a § 2255 proceeding, Robinett bears the burden to show that he is entitled to relief. *Word v. United States*, 604 F.2d 1127, 1130 (8th Cir. 1979). Yet he never argued in the district court that his two assault convictions should be treated as only one violent felony conviction under the ACCA. The district court, after referring to Robinett's robbery convictions, observed that Robinett "does not dispute that his other two predicate offenses, two counts of second-degree assault, qualify as predicate offenses without the use of the residual clause." Robinett now contends that his § 2255 petition raised the issue by stating that his presentence report counted as a violent felony "two *concurring* counts of assault in the second degree." In the next sentence of his petition, however, Robinett acknowledged that "the assault convictions remain violent felonies in the absence of the residual clause." His reference to the "assault convictions" (plural) as "violent felonies" (plural) is consistent with the district

court's conclusion that Robinett did not dispute counting these convictions as two predicate felonies.[2]

The only evidence in the record about the assault convictions is from Robinett's presentence report. The report said that a two-count information charged that Robinett, on August 22, 1993, "attempted to cause physical injury to Robert Reynolds (Count 1) and Bryan Hughes (Count 2) by means of a dangerous instrument." That the assaults were committed on the same date does not establish that they were committed on the same occasion. If Robinett assaulted two different victims at different times in different locations, then the offenses likely were committed on occasions different from one another within the meaning of § 924(e). *See United States v. Humphrey*, 759 F.3d 909, 911 (8th Cir. 2014). Because Robinett did not challenge the counting of two assault convictions in the district court, and has not satisfied his burden to prove that the assaults were committed on a single occasion, the district court did not err by counting the two assault convictions as two predicate offenses under the ACCA.

Robinett also contends that neither the conviction for Missouri second-degree robbery nor the conviction for Kansas robbery counts as a violent felony. In *United States v. Swopes*, No. 16-1797, slip op. (8th Cir. Mar. 29, 2018) (en banc), however, this court held that Missouri second-degree robbery is categorically a violent felony under the force clause. Therefore, considering the two Missouri assault convictions and the Missouri conviction for second-degree robbery, Robinett has not undermined the sentencing court's conclusion that he had sustained three previous qualifying

---

[2]Robinett also points to the government's response to his petition, which said that Robinett's sentence was based in part on "a prior conviction for assault." In the same pleading, however, the government cited Robinett's argument that "only his *two prior convictions* for assault remain violent *felonies*." The district court understandably was guided by Robinett's characterization of his argument.

convictions for a violent felony. It is not necessary to address whether the Kansas conviction for robbery also qualifies.

Robinett has not established that his sentence was imposed in violation of the Constitution or in excess of the maximum authorized by law. The judgment of the district court is therefore affirmed.

_____