# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1637
_____

United States of America

*Plaintiff - Appellee*

v.

DeMarko L. Collins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 12, 2018
Filed: April 23, 2018
[Unpublished]

_____

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

DeMarko L. Collins pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and to possession of a stolen

firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The district court[1] sentenced Collins to 108 months' imprisonment on each count to run consecutively followed by a three-year term of supervised release. Collins argues the district court erred in applying two sentencing enhancements to his convictions under the United States Sentencing Guidelines (Guidelines or U.S.S.G.). We affirm.

Collins argues that the district court erred in imposing a four-level sentencing enhancement because the court incorrectly determined that Collins's prior Missouri conviction for second-degree robbery was a "crime of violence" under the Guidelines. U.S.S.G. § 2K2.1(a)(2); see also Mo. Rev. Stat. § 569.030.1 (1979).[2] This argument is foreclosed, however, because in United States v. Swopes, 886 F.3d 668 (8th Cir. 2018) (en banc) we held that a "conviction for Missouri second-degree robbery [i]s a 'violent felony' under the [Armed Career Criminal Act (ACCA)]."[3] Our precedent views a "violent felony" under the ACCA and a "crime of violence" under the Guidelines as interchangeable. United States v. Hall, 877 F.3d 800, 806 (8th Cir. 2017). The district court thus did not err in its ruling. See Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002) (per curiam) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.").

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

[2]Effective January 1, 2017, Missouri amended its second-degree robbery statute to require "physical injury to another person." Mo. Rev. Stat. § 570.025.1. This opinion addresses only the second-degree robbery statute in effect when Collins was convicted in 2010.

[3]See also United States v. Wilkins, No. 16-4026, slip op., 2018 WL 1750611, — F. App'x — (8th Cir. Apr. 12, 2018); Diemer v. United States, No. 16-3403, slip op., 2018 WL 1617840, — F. App'x — (8th Cir. Apr. 4, 2018); Robinett v. United States, 886 F.3d 689 (8th Cir. 2018).

Collins next argues that the district court erred when it applied a three-level sentencing enhancement "for multiple prior sentences." Under Guidelines § 4A1.2(a)(1), a prior sentence is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." If two prior sentences were imposed on the same day, however, the sentences are not counted separately unless there was an "intervening arrest" between the first and second offense. U.S.S.G. § 4A1.2(a)(2). Collins argues that his prior convictions in Jackson County, Missouri, case numbers 0716-CR-02971-01 and 0916-CR-04728-01, should not have been counted separately because the state court imposed sentences for both offenses on the same day. The district court ruled, however, that an intervening arrest occurred between the two incidents. This finding is not clearly erroneous. See United States v. Paden, 330 F.3d 1066, 1067 (8th Cir. 2003) (standard of review).

The judgment is affirmed.

_____