# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-2885

———————————————

United States of America

*Plaintiff - Appellee*

v.

Tyron Young

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: March 16, 2018
Filed: April 26, 2018
[Unpublished]

——————————

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Tyron Young pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and was sentenced to 115 months' imprisonment. He appeals his sentence, challenging the district court's[1] admission

———————————————

[1]The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

of a confidential informant's (CI) hearsay statements at sentencing and its application of the U.S. Sentencing Guidelines (U.S.S.G.). We affirm.

At approximately 5:00 a.m. on May 11, 2016, police officers were dispatched to a home located at 4446 Myrtle Avenue in Kansas City, Missouri, where a fourteen-year-old girl had been shot in the leg. The officers discovered spent shell casings on the second-story deck located outside the victim's bedroom. They found several bullet holes in the bedroom walls and windows. Two bullets were found lodged in the victim's bed, where she had been sleeping when she was shot.

Later that day, the CI contacted Detective John Straubel and made arrangements to meet with him. When they met in person, the CI reported that Young's girlfriend had picked up Young and the CI in a black Dodge Dart that morning. After driving to the area near the victim's home, Young and the CI exited the vehicle. The CI reported that they walked to the back of the house, where Young climbed up a pole to a balcony and shot into the windows and the house itself. Young and the CI then ran back to the vehicle and left the scene. After the shooting, Young told the CI that he was trying to shoot Louis Belton because Belton previously had shot Young. The CI also reported that Young's firearm was a gray and black Taurus 9 mm. Detective Straubel later paid the CI $500 for this information.

Young was driving a black Dodge Dart on May 16, 2016, and sped away when officers tried to initiate a traffic stop. When officers later located Young, he attempted to flee on foot but was apprehended. In a nearby yard, officers found a loaded silver and black Taurus 9 mm semi-automatic firearm, which Young later pleaded guilty to possessing.

Detective Straubel, two law enforcement officers, the victim, and a defense investigator testified at sentencing. The government presented photographs, the

crime lab report, and the stipulated testimony of a forensic examiner and a detective who investigated the shooting the morning it took place.

Young first argues that the district court erred by admitting the hearsay statements of the CI and by relying upon those statements to find that Young committed the offense of conviction in connection with assault with intent to commit murder. Based on that finding, the district court applied a cross reference to U.S.S.G. § 2A2.1, the section that applies to assault with intent to commit murder, resulting in a higher offense level than he would have had without the cross reference. See U.S.S.G. § 2K2.1(c)(1)(A) (cross reference to § 2X1.1); U.S.S.G. § 2X1.1(c)(1) (cross reference to offense section that expressly covers the attempt). Because Young objected to the admission of the statements, we review the district court's ruling for abuse of discretion. See United States v. Sheridan, 859 F.3d 579, 583 (8th Cir. 2017) (standard of review).

The Rules of Evidence do not apply to sentencing proceedings. Fed. R. Evid. 1101(d)(3). The district court is permitted to consider relevant information, even if it would be inadmissible at trial, "provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). Young argues that the CI's statements were unreliable because the CI had a motive to accuse Young (and shift blame from himself), he failed to respond to a subpoena, he previously had committed bond and probation violations and had been convicted of a crime of dishonesty, he had absconded from supervision for the year following the shooting, and he was a possible contributor of genetic information found on the firearm.

We conclude that the district court did not abuse its discretion in admitting the CI's hearsay statements. The CI had proven himself reliable in the past, having worked with Detective Straubel for three years. When the CI met with Straubel on the same day of the shooting, he gave a detailed account of what occurred during the early morning hours of May 11. He described the firearm and identified Young's

possible motive. During a police interview, Young's girlfriend corroborated the CI's account of the events leading up to and following the shooting. She also identified the Taurus 9 mm firearm as belonging to Young. Forensic evidence confirmed that Young's firearm was the source of the bullets and spent casings that were found at the crime scene. Young's DNA was found on the firearm. Young pleaded guilty to possessing the firearm, and Young himself told officers that he believed that Belton had shot him, corroborating the CI's statements and indicating Young's motive for shooting Belton's home. In light of the evidence presented, the district court fairly determined that the CI's statements were probably accurate and properly applied the cross reference. We also conclude that the admission of the CI's statements did not violate Young's constitutional rights. See United States v. Wise, 976 F.2d 393, 402 (8th Cir. 1992) (en banc) (holding that "the Guidelines' standard for the consideration of hearsay testimony at sentencing meets the appropriate constitutional test and fulfills the Confrontation Clause's basic purpose of promoting the integrity of the factfinding process").

Young's argument that the district court erroneously classified his prior Missouri conviction for attempted second-degree robbery as a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A) is foreclosed. See United States v. Swopes, 886 F.3d 668, 671 (8th Cir. 2018) (en banc) (holding that Missouri second-degree robbery is categorically a "violent felony" under the force clause of 18 U.S.C. § 924(e)); United States v. Hall, 877 F.3d 800, 806 (8th Cir. 2017) (viewing "violent felony" under 18 U.S.C. § 924(e) as interchangeable with "crime of violence" under the Guidelines).[2]

The sentence is affirmed.

_____

[2]See also United States v. Collins, No. 17-1637, 2018 WL 1902413 (8th Cir. Apr. 23, 2018); United States v. Wilkins, No. 16-4026, 2018 WL 1750611 (8th Cir. Apr. 12, 2018); Diemer v. United States, No. 16-3403, 2018 WL 1617840 (8th Cir. Apr. 4, 2018); Robinett v. United States, 886 F.3d 689 (8th Cir. 2018), *petition for cert. filed*, (U.S. Apr. 20, 2018) (No. 17-8544).