# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1709

_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Mata

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 6, 2017
Filed: August 25, 2017

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Antonio Mata pled guilty to possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), and being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). In his plea agreement, Mata stipulated to three previous convictions: (1) first-degree possession with intent to deliver a controlled substance in Dallas County, Texas in 2001; (2) first-degree possession with intent to deliver a

controlled substance in Dallas County, Texas in 2001; and (3) third-degree criminal sexual conduct with force or coercion in Rice County, Minnesota in 2004. As a result, the district court[1] applied the fifteen-year mandatory minimum sentence found in 18 U.S.C. § 924(e)(1). Mata appeals, arguing that his 2004 Minnesota conviction does not qualify as a predicate felony under the Armed Career Criminal Act (ACCA). Exercising de novo review, see United States v. Irons, 849 F.3d 743, 746 (8th Cir. 2017), we affirm.

I. Discussion

A.    ACCA Framework

When an individual pleads guilty to, or is convicted of, violating § 922(g), the ACCA imposes a fifteen-year mandatory minimum sentence if that individual "has three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Under the statute, "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 924(e)(2)(B)(i). "[T]he phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). Thus, in order for Mata's Minnesota conviction to qualify as a predicate felony, the statute under which he was convicted must have as an element the use, attempted use, or threatened use of force capable of causing physical pain or injury to another person. See id.

Our determination of whether Mata's conviction meets the statutory definition begins with the categorical approach, under which we "look only to the fact of

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

conviction and the statutory definition of the prior offense." United States v. Headbird, 832 F.3d 844, 846 (8th Cir. 2016) (internal quotation marks omitted). But where "the statute criminalizes both conduct that does and does not qualify as a violent felony and the statute is divisible, we apply the modified categorical approach and may review certain judicial records to identify which section of the statute supplied the basis for a defendant's conviction." Id. (internal quotation marks omitted).

B.      Minn. Stat. § 609.344(1)(c) (2004)

Mata pled guilty to a violation of Minnesota Statute section 609.344(1)(c). This statute states: "A person who engages in sexual penetration with another person is guilty of criminal sexual conduct in the third degree if . . . the actor uses force or coercion to accomplish the penetration." Minn. Stat. § 609.344(1)(c) (2004). We conclude the statute is divisible. See Mathis v. United States, 136 S. Ct. 2243, 2249 (2016) (declaring a statute divisible because it "prohibited 'the lawful entry or the unlawful entry' of a premises with intent to steal, so as to create two different offenses, one more serious than the other"); Descamps v. United States, 133 S. Ct. 2276, 2281 (2013) (noting that a "divisible . . . statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile."). The Minnesota Supreme Court has noted that "[t]he plain language of the elements of the offense indicates that third-degree criminal sexual conduct can be committed by coercion alone, force alone, or both force and coercion." State v. Leake, 699 N.W.2d 312, 323-24 (Minn. 2005); see Mathis, 136 S. Ct. at 2248 ("'Elements' are the 'constituent parts' of a crime's legal definition . . . ."). In a prosecution under section 609.344(1)(c), the factfinder is required to determine which of the three possibilities—force, coercion, or both—was present because, under Minnesota law, the use of force constitutes a more serious offense. See Minn. Stat. § 609.106(1)(a)(3) (stating that a violation of section 609.344 becomes a "heinous crime . . . if the offense was committed with force");

-3-

10 Minn. Practice Jury Instr. Guides—Criminal § 12.21 & cmt. (2015). Accordingly, because Minnesota Statute section 609.344 "list[s] elements in the alternative, and thereby define[s] multiple crimes," it is a divisible statute. See Mathis, 136 S. Ct. at 2249. Because this offense can be committed by coercion rather than force, we will assume that subsection (1)(c) is also over-inclusive.[2]

We therefore apply the modified categorical approach to determine whether Mata pled guilty to using force, coercion, or both to accomplish the offense. See Headbird, 832 F.3d at 846. "Under that approach," we may "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Mathis, 136 S. Ct. at 2249. The record evidence in this case includes Mata's 2014 plea agreement and the plea colloquy from the 2004 Minnesota state case. In the transcript of the plea colloquy from the 2004 conviction, the following exchange between Mata and the state court judge is recorded:

> The Court: First of all, when you had sex with her, she was saying no?
> The Defendant: Yes.

---

[2]Though Mata makes no distinct argument that the coercion element in this subsection could constitute a nonviolent felony, he broadly asserts that "when a statute such as Minnesota's sweeps non-violent conduct and violent conduct together, the prior conviction cannot count as an ACCA predicate felony." Appellant's Br. 14. Moreover, there are a limited number of possible outcomes: a statute can concern violent conduct, nonviolent conduct, or a combination of the two. For the reasons discussed *infra*, the statute clearly proscribes at least some conduct that comports with the ACCA's generic version of a violent felony. So we are left either with a statute concerning only violent conduct or a mixture of nonviolent and violent conduct. Given the lack of a distinct argument on whether the coercion prong of this subsection meets the ACCA definition of a violent felony and our determination that the issue has no bearing on this case, we leave that question for another day. See United States v. Lopez-Zepeda, 466 F.3d 651, 654 (8th Cir. 2006).

The Court: She might have said yes or maybe earlier, but at that point she was saying, no, I don't want to have sex with you?

The Defendant: Um-hum.

The Court: Secondly, the sex involved penetration. Your penis entered her vaginal area?

The Defendant: Yes, your Honor.

The Court: Okay. Third, you used your strength, your force to have the sex?

The Defendant: Yes, your Honor.

The Court: She was trying to push you off, say, no, get away, and you were stronger and could force yourself onto her; is that true?

The Defendant: Yes.

R. at 23. Nowhere in this transcript does the court question Mata in a similar manner regarding coercion. Thus, Mata pled guilty to using force to accomplish sexual penetration.

Our court has previously found that the use of force to accomplish sexual penetration in violation of section 609.344(1)(c) satisfies the "crime of violence" enhancement under U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)).[3] See Lopez-Zepeda, 466 F.3d at 653-54. And, given "their nearly identical definitions, we construe 'violent felony' under 18 U.S.C. § 924(e)(2)(B)(ii) (the Armed Career Criminal Act) and 'crime of violence' under the Guidelines as interchangeable, including the corresponding force clauses and residual clauses." United States v. Schaffer, 818 F.3d 796, 798 n.2 (8th Cir.) (internal quotation marks omitted), cert. denied, 137 S. Ct. 410 (2016). Mata advances no argument for overruling or distinguishing Lopez-

---

[3] Although this section has been renumbered, the critical language has remained the same. See U.S.S.G. § 2L1.2, comment. (n.2) ("*Crime of violence*" means . . . any . . . offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.").

Zapata, so we are bound to follow the conclusions reached in that case.  See Maxfield v. Cintas Corp., No. 2, 487 F.3d 1132, 1135 (8th Cir. 2007).

The enhancement was properly applied.[4]

## II. Conclusion

Because Mata "has three previous convictions . . . for a violent felony or a serious drug offense," we affirm the district court's application of the fifteen-year mandatory minimum sentence found in 18 U.S.C. § 924(e)(1).

---

[4]In a pro se submission, Mata also argues that the single-sentence rule presented in U.S.S.G. § 4A1.2(a)(2) requires the conclusion that his two drug related offenses in Texas count as a single offense for the purpose of calculating the number of predicate felonies under 18 U.S.C. § 924(e)(1).  We disagree.  The statute itself specifies that such offenses count separately when "committed on occasions different from one another."  § 924(e)(1).  Here, Mata sold narcotics to an undercover officer on two occasions five days apart, so they are separate offenses under the ACCA.  See United States v. Long, 320 F.3d 795, 801-02 (8th Cir. 2003) (noting that "the ACCA is triggered by the criminal episodes that underlie a defendant's convictions," and holding that each of three separate deliveries "constitutes a 'conviction' of a serious drug offense for ACCA purposes").