# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4163

_____

United States of America

*Plaintiff - Appellee*

v.

Joe L. Welch

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 13, 2017
Filed: January 5, 2018
[Published]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Joe Welch pleaded guilty to being a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] imposed an enhancement under

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

United States Sentencing Guideline § 2K2.1(a)(4) because Welch had a previous conviction for Missouri second-degree assault that the district court determined was a crime of violence. Welch appeals that determination, which we review de novo. United States v. Harrison, 809 F.3d 420, 425 (8th Cir. 2015).

A crime of violence is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." USSG § 4B1.2. To determine whether a prior conviction qualifies as a crime of violence, we "start with the formal categorical approach and look only to the fact of conviction and the statutory definition of the prior offense." United States v. Headbird 832 F.3d 844, 846 (8th Cir. 2016). But if the statute "criminalizes both conduct that does and does not qualify as a [crime of violence]," the statute is divisible, and we must determine which section of the statute "supplied the basis for a defendant's conviction." Id. (quoting United States v. Jordan, 812 F.3d 1183, 1186 (8th Cir. 2016)).

This court has previously held that the Missouri second-degree assault statute is divisible because it defines multiple offenses. See United States v. Alexander, 809 F.3d 1029, 1031 (8th Cir. 2016). Welch asks us to reconsider this determination in light of Mathis v. United States, 136 S. Ct. 2243 (2016). Rather than undermining our previous holdings, however, Mathis confirms our analysis. In Mathis, the Court explained that "[a] single statute may list elements in the alternative, and thereby define multiple crimes." 136 S. Ct. at 2249. Elements are the "constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction," id. at 2248 (quotation omitted), and can be contrasted with the "various factual means of committing a single element." Id. at 2249.

At the time of Welch's prior conviction, the Missouri second-degree assault statute stated "[a] person commits the crime of assault in the second degree if he:"

(1)     Attempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause; or

(2)     Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument; or

(3)     Recklessly causes serious physical injury to another person; or

(4)     While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any person other than himself; or

(5)     Recklessly causes physical injury to another person by means of discharge of a firearm.

Mo. Rev. Stat. § 565.060.1 (2001).  Each subsection is its own crime with different elements, rendering the statute divisible.  See United States v. Fields, 863 F.3d 1012, 1014 (8th Cir. 2017) (analyzing only the subsection of Mo. Rev. Stat. § 565.060.1 under which the defendant was convicted).

Welch next argues that, even if Missouri second-degree assault is a divisible statute, his prior conviction under that statute still does not qualify as a crime of violence.  The parties agree that Welch pleaded guilty to violating subsection 2.  To be guilty under that subsection, a defendant must knowingly cause (or attempt to cause) "physical injury" to another person by means of a deadly weapon or dangerous instrument.  Mo. Rev. Stat. § 565.060.1(2).  Welch argues that under Missouri law, the requirement that a person cause or attempt to cause physical injury to another person may be satisfied by something less than "violent force" as required by Johnson.  See Johnson v. United States, 559 U.S. 133, 140 (2010) (explaining that "physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person"); see also Mo. Rev. Stat. § 556.061(36) (2001) (defining

"physical injury" as "physical pain, illness, or any impairment of physical condition"). This court has previously held, post-Johnson, that Missouri "second-degree assault, under the second subsection, is a crime that has as an element the use, attempted use, or threatened use of physical force against the person of another, and that it is therefore a crime of violence." United States v. Vinton, 631 F.3d 476, 485 (8th Cir. 2011) (quotation and citation omitted);[2] see also United States v. Scott, 818 F.3d 424, 435 (8th Cir. 2016); Alexander, 809 F.3d at 1032–33. Welch offers no argument that a change in the law dictates a different result.

Accordingly, the judgment of the district court is affirmed.

_____

---

[2]The 1993 version of Mo. Rev. Stat. § 565.060.1(2), which was at issue in Vinton, is identical to the 2001 version at issue here.