COLLOTON, Circuit Judge.
 

 This appeal presents the question whether Hosea Swopes's prior conviction for second-degree robbery in Missouri is a "violent felony" under the Armed Career Criminal Act ("ACCA"),
 
 18 U.S.C. § 924
 
 (e). We conclude that the district court
 
 [2]
 
 properly classified Swopes's robbery conviction as a violent felony, and we overrule the panel decision to the contrary in
 
 United States v. Bell
 
 ,
 
 840 F.3d 963
 
 (8th Cir. 2016).
 

 I.
 

 Hosea Swopes pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of
 
 18 U.S.C. § 922
 
 (g). The district court concluded that Swopes was subject to an enhanced sentence under the ACCA. The ACCA establishes a minimum term of fifteen years' imprisonment for unlawful possession of a firearm by a previously convicted felon who has sustained three prior convictions for a violent felony or a serious drug offense.
 
 18 U.S.C. § 924
 
 (e). The district court cited Swopes's prior Missouri convictions for unlawful use of a weapon, second-degree robbery, and first-degree robbery as three violent felonies.
 

 Swopes argued in his opening brief on appeal that unlawful use of a weapon, in violation of
 
 Mo. Rev. Stat. § 571.030.1
 
 (4), is not a violent felony. After the case was submitted, Swopes filed a supplemental brief to argue, based on the intervening circuit precedent of
 
 Bell
 
 , that second-degree robbery, in violation of
 
 Mo. Rev. Stat. § 569.030.1
 
 (1979), also does not qualify. The panel concluded that
 
 Bell
 
 was controlling and vacated Swopes's sentence on the ground that second-degree robbery was not a violent felony under circuit precedent. The government then petitioned for rehearing en banc and urged the court to reconsider
 
 Bell
 
 . The court granted the petition and vacated the panel decision.
 

 II.
 

 Swopes was convicted in 1994 of second-degree robbery under
 
 Mo. Rev. Stat. § 569.030.1
 
 (1979). Under that statute, a person commits second-degree robbery "when he forcibly steals property."
 

 Id.
 

 A person "forcibly steals" when, in the course of stealing:
 

 he uses or threatens the immediate use of physical force upon another person for the purpose of: (a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft[.]
 

 Mo. Rev. Stat. § 569.010
 
 (1) (1979).
 
 [3]
 

 The ACCA defines "violent felony" to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]"
 
 18 U.S.C. § 924
 
 (e)(2)(B)(i). "[P]hysical force" means "force capable of causing physical pain or injury to another person."
 
 Johnson v. United States
 
 ,
 
 559 U.S. 133
 
 , 140,
 
 130 S.Ct. 1265
 
 ,
 
 176 L.Ed.2d 1
 
 (2010). Under the categorical approach that governs analysis of the ACCA, we focus on the elements of the state statute and consider whether a violation necessarily satisfies the federal definition of violent felony.
 
 Mathis v. United States
 
 , --- U.S. ----,
 
 136 S.Ct. 2243
 
 , 2248,
 
 195 L.Ed.2d 604
 
 (2016). Therefore,
 Swopes's conviction for second-degree robbery is a conviction for a "violent felony" only if a conviction under
 
 Mo. Rev. Stat. § 569.030.1
 
 (1979) requires the use, attempted use, or threatened use of such force.
 

 Missouri second-degree robbery has as an element the use of physical force upon another person or the threat of an immediate use of such force.
 
 Mo. Rev. Stat. § 569.010
 
 (1) (1979). In
 
 Bell
 
 , however, a panel of this court determined that Missouri second-degree robbery was not a "crime of violence" under the United States Sentencing Guidelines, which encompasses an offense punishable by a year in prison that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a).
 
 See
 

 840 F.3d at 966-67
 
 . The panel rested its holding on
 
 State v. Lewis
 
 ,
 
 466 S.W.3d 629
 
 (Mo. Ct. App. 2015), where a Missouri court upheld a conviction for second-degree robbery when the defendant snatched a victim's purse after a "slight" struggle.
 

 Id.
 

 at 631
 
 .
 
 Bell
 
 placed particular emphasis on the following
 
 dicta
 
 from
 
 Lewis
 
 :
 

 In sum, where there was no physical contact, no struggle, and no injury, [Missouri] courts have found the evidence insufficient to support a [second-degree] robbery conviction. But where one or more of those circumstances is present, a jury reasonably could find a use of force.
 

 Id.
 

 at 632
 
 (citation omitted).
 
 Bell
 
 interpreted
 
 Lewis
 
 to mean that a defendant in Missouri "can be convicted of second-degree robbery when he has physical contact with a victim but does not necessarily cause physical pain or injury."
 
 840 F.3d at 966
 
 . On that basis, the court reasoned that "there is at least a 'reasonable probability' Missouri could apply its statute (or already has) to conduct falling short of violent force."
 
 Id
 
 .
 

 In applying the categorical approach under the ACCA, we examine both the text of the statute and how the state courts have applied the statute. Before we conclude that a state statute sweeps more broadly than the federal definition of violent felony, "there must be a 'realistic probability, not a theoretical possibility,' " that the statute encompasses conduct that does not involve use or threatened use of violent force.
 
 Moncrieffe v. Holder
 
 ,
 
 569 U.S. 184
 
 , 191,
 
 133 S.Ct. 1678
 
 ,
 
 185 L.Ed.2d 727
 
 (2013) (quoting
 
 Gonzales v. Duenas-Alvarez
 
 ,
 
 549 U.S. 183
 
 , 193,
 
 127 S.Ct. 815
 
 ,
 
 166 L.Ed.2d 683
 
 (2007) );
 
 see
 

 Fletcher v. United States
 
 ,
 
 858 F.3d 501
 
 , 507 (8th Cir. 2017).
 

 We now conclude that the Missouri second-degree robbery statute under which Swopes was convicted requires the use or threatened use of violent force. The court in
 
 Bell
 
 relied on "dicta from a single case to conclude that Missouri second-degree robbery does not necessarily require force capable of causing physical pain or injury to another person."
 
 Bell
 
 ,
 
 840 F.3d at 969
 
 (Gruender, J., dissenting). The offense in
 
 Lewis
 
 itself, however,
 
 did
 
 involve the use of violent force: The court "upheld Lewis's second-degree robbery conviction when he bumped the victim from behind, momentarily struggled with her, and then yanked the purse out of her hands."
 
 Id
 
 . (citing
 
 Lewis
 
 ,
 
 466 S.W.3d at
 
 633 ). A blind-side bump, brief struggle, and yank-like the "slap in the face" posited by
 
 Johnson
 
 ,
 
 559 U.S. at 143
 
 ,
 
 130 S.Ct. 1265
 
 -involves a use of force that is capable of inflicting pain. The
 
 holding
 
 of
 
 Lewis
 
 thus supports the view that Missouri second-degree robbery requires the use or threatened use of violent force.
 

 Lewis
 
 is consistent with Missouri precedent holding that second-degree robbery
 requires the use of "force capable of preventing or overcoming resistence."
 
 Bell
 
 ,
 
 840 F.3d at 969-70
 
 (Gruender, J., dissenting). In
 
 State v. Childs
 
 ,
 
 257 S.W.3d 655
 
 (Mo. Ct. App. 2008), for example, the court upheld a second-degree robbery conviction when there was a "[t]ussle" between the defendant and the victim.
 

 Id.
 

 at 660
 
 . The court emphasized that to "tussle" means to fight, struggle, contend, wrestle, or scuffle, and distinguished "tussling" from "[t]he sudden taking or snatching of property."
 

 Id.
 

 ;
 
 see also
 

 State v. Jolly
 
 ,
 
 820 S.W.2d 734
 
 , 736 (Mo. Ct. App. 1991) (upholding second-degree robbery conviction after noting that the offense was no "mere purse snatching" because it involved a struggle and victim's fingernail was ripped off);
 
 State v. Applewhite
 
 ,
 
 771 S.W.2d 865
 
 , 868 (Mo. Ct. App. 1989) (upholding second-degree robbery conviction where defendant intentionally pushed a store manager out of his way and knocked him against a door);
 
 State v. Butler
 
 ,
 
 719 S.W.2d 35
 
 , 37 (Mo. Ct. App. 1986) (upholding second-degree robbery conviction where defendant grabbed a woman's purse and injured her finger). By contrast, the court in
 
 State v. Tivis
 
 ,
 
 884 S.W.2d 28
 
 (Mo. Ct. App. 1994), reversed a conviction for second-degree robbery where the defendant merely "grabbed the [victim's] purse by its strap, took it from her shoulder and ran off,"
 

 id.
 

 at 29
 
 , because there was no use or threatened use of physical force.
 

 Id.
 

 at 29-30 ;
 
 see also
 

 State v. Henderson
 
 ,
 
 310 S.W.3d 307
 
 , 309 (Mo. Ct. App. 2010) (reversing a second-degree robbery conviction where defendant merely "brushed" a clerk's arm during the course of a theft).
 

 The text of the Missouri second-degree robbery statute at issue here requires proof that a defendant used physical force or threatened the immediate use of physical force.
 
 See
 

 Mo. Rev. Stat. §§ 569.030.1
 
 , 569.010(1) (1979). Missouri decisions applying the statute show that physical force under the Missouri statute is the equivalent of physical force within the meaning of the ACCA. Based on the data available, we see no realistic probability that Missouri courts would apply the Missouri statute to conduct that does not involve force that is capable of causing physical pain or injury. We therefore conclude that the district court properly counted Swopes's conviction for Missouri second-degree robbery as a "violent felony" under the ACCA.
 

 III.
 

 Swopes also argues that a second prior conviction considered by the district court-for unlawful use of a weapon in violation of
 
 Mo. Rev. Stat. § 571.030.1
 
 (4) -does not qualify as a "violent felony." The three-judge panel did not pass on this question, and Swopes urges the en banc court to address it in the first instance. We elect to return the case to the panel for resolution of this second issue.
 

 "It has long been the policy of this court that we do not consider issues en banc that are not specifically raised in the suggestion for en banc consideration. Only in the rarest of occasions, when justice requires, do we depart from this policy."
 
 Brownv. Stites Concrete, Inc.
 
 ,
 
 994 F.2d 553
 
 , 557 (8th Cir. 1993) (en banc). The government's petition for rehearing raised only whether second-degree robbery is a violent felony, arguing that this question alone was one of "exceptional importance." Fed. R. App. P. 35(b)(1)(B). Having granted rehearing en banc to consider the matter of second-degree robbery, we are not convinced to depart from our traditional practice by considering a different issue that was not raised in the petition. In returning the appeal to the panel, "we inject no additional layer into the judicial process; we merely permit the normal second layer-a court of appeals panel-to
 perform its customary role."
 
 Asherman v. Meachum
 
 ,
 
 957 F.2d 978
 
 , 983 (2d Cir. 1992) (en banc). Any party dissatisfied with the panel's decision will have an opportunity to urge the full court that the question presented meets the standards applicable for en banc determination.
 

 * * *
 

 For these reasons, we uphold the district court's conclusion that second-degree robbery in violation of
 
 Mo. Rev. Stat. § 569.030.1
 
 (1979) is a "violent felony" under the Armed Career Criminal Act,
 
 18 U.S.C. § 924
 
 (e). We return the case to the original three-judge panel to resolve the balance of the appeal.
 

 The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.
 

 Effective January 1, 2017, Missouri amended its second-degree robbery statute to require "physical injury to another person."
 
 Mo. Rev. Stat. § 570.025.1
 
 . This opinion addresses only the second-degree robbery statute in effect when Swopes was convicted in 1994.