# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3119
_____

United States of America

*Plaintiff - Appellee*

v.

William D. Shine

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 24, 2018
Filed: December 12, 2018

_____

Before SMITH, Chief Judge, MELLOY and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

William Shine received a 72-month prison sentence for being a felon in possession of a firearm. On appeal, he challenges the district court's[1] decision to

---

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

treat his prior Missouri conviction of attempted first-degree robbery as a "crime of violence."[2]  *See* U.S.S.G. § 2K2.1(a)(4)(A).  We affirm.

The Sentencing Guidelines establish a higher base offense level for a felon-in-possession who has a prior conviction for a "crime of violence."  *Id.*  A "crime of violence" includes, among other things, "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another."  *Id.* § 4B1.2(a)(1).  To determine whether an offense meets this definition, we look to the "elements of the offense as defined in the statute of conviction rather than to the facts underlying [the] prior conviction."  *United States v. Fields*, 863 F.3d 1012, 1014 (8th Cir. 2017) (ellipsis and citation omitted).

At the time of Shine's prior conviction, Missouri's first-degree-robbery statute provided as follows: "A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime, [commits one of several aggravating factors]."  Mo. Rev. Stat. § 569.020.1 (1979).  Violations were punishable by over one year in prison. *See id.* §§ 569.020.2, 558.011.1(1) (2003).

The offense qualifies as a "crime of violence."  In addition to imposing a sentence "exceeding one year" in prison, U.S.S.G. § 4B1.2(a), the first-degree-robbery statute required an individual to "forcibly steal[] property," Mo. Rev. Stat. § 569.020.1, which necessarily involved the "use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a)(1).  Indeed,

---

[2]Shine also argues that the government failed to introduce proof of his prior conviction.  He waived this argument, however, when defense counsel withdrew her objection on this point after the government produced the underlying charging document from Shine's Missouri prosecution. *See United States v. White*, 447 F.3d 1029, 1031–32 (8th Cir. 2006); *see also United States v. Jones*, 662 F.3d 1018, 1027 (8th Cir. 2011) (explaining that "waived claims are unreviewable on appeal" (citation omitted)).

we recently concluded that a prior version of Missouri's *second*-degree-robbery statute, which consisted of *only* the forcibly-steals-property element, *see* Mo. Rev. Stat § 569.030.1 (1979), counted as a "violent felony" under the Armed Career Criminal Act ("ACCA"), *see United States v. Swopes*, 886 F.3d 668, 670–71 (8th Cir. 2018) (en banc) (citing 18 U.S.C. § 924(e)(2)(B)(i)). As we explained, the statute "require[d] proof [of] physical force or threatened . . . physical force," and there was "no realistic probability that Missouri courts would apply [the law] to conduct that does not involve force that is capable of causing physical pain or injury." *Id.* at 672; *see also id.* at 671–72 (collecting state-court decisions).

It follows that first-degree robbery, which also has the element of "forcibly steal[ing] property," Mo. Rev. Stat. § 569.020.1, is a crime of violence. To be sure, *Swopes* addressed the phrase "violent felony," found in ACCA, and not "crime of violence," which appears in the Guidelines. But "[a]s we have recognized, the definition of 'crime of violence' . . . is nearly identical to the definition of 'violent felony.'" *United States v. Craig*, 630 F.3d 717, 723 (8th Cir. 2011) (internal quotation marks, brackets, and citation omitted); *see also United States v. Vinton*, 631 F.3d 476, 484 (8th Cir. 2011) (highlighting "the similar structure and wording of the two provisions"). And as relevant here, both require a prior crime to involve "physical force" that is "capable of causing physical pain or injury to another person." *United States v. Rice*, 813 F.3d 704, 706 (8th Cir. 2016) (citation omitted) (defining "crime of violence"); *Swopes*, 886 F.3d at 670 (defining "violent felony"). We have already held that Missouri's former second-degree-robbery statute involves physical force, so we must do so again here.

It makes no difference that Shine's conviction was for *attempted* first-degree robbery rather than the completed crime. His attempt was still punishable by more than one year in prison, *see* Mo. Rev. Stat. §§ 558.011.1(2), 564.011.3(1) (1979), 569.020.2, and the definition of "crime of violence" includes the "attempted use . . . of physical force," U.S.S.G. § 4B1.2(a)(1); *see also id.* § 4B1.2 cmt. n.1 (explaining that a "[c]rime of violence . . . include[s] the offense[] of . . .

-3-

attempting to commit such [an] offense[]"); *United States v. Minnis*, 872 F.3d 889, 892 (8th Cir. 2017) (holding that a conviction under Missouri's *attempted*-first-degree-assault statute qualifies as a crime of violence). So Shine's conviction counts.

We affirm the district court's judgment.

_____