# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1003

_____

United States of America

*Plaintiff - Appellee*

v.

Eliseo L. Becerra

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 12, 2018
Filed: January 25, 2019
[Unpublished]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Eliseo Becerra pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The presentence investigation report ("PSR") calculated a base offense level of 20 because Becerra previously had sustained a conviction that qualified as a crime of violence. *See* U.S.S.G. § 2K2.1(a)(4)(A). After further adjustments, the PSR calculated a total offense level

of 21, a criminal history category of VI, and an advisory sentencing guidelines range of 77 to 96 months. The district court[1] varied downward and sentenced Becerra to 60 months' imprisonment. Becerra appeals the designation of his Missouri second-degree robbery conviction as a crime of violence.

We review *de novo* the determination that a prior conviction qualifies as a crime of violence under U.S.S.G. § 2K2.1(a)(4). *United States v. Welch*, 879 F.3d 324, 326 (8th Cir. 2018) (per curiam). In *United States v. Swopes*, 886 F.3d 668 (8th Cir. 2018) (en banc), *petition for cert. filed*, --- U.S.L.W. --- (U.S. Aug. 30, 2018) (No. 18-5838), we held that Missouri second-degree robbery qualifies as a violent felony under the Armed Career Criminal Act ("ACCA"). Becerra concedes that *Swopes* rejected his argument, and in *United States v. Young*, 720 F. App'x 803 (8th Cir. 2018) (per curiam), we determined that *Swopes* foreclosed the argument that Missouri second-degree robbery does not qualify as a crime of violence under the sentencing guidelines. *See also United States v. Hall*, 877 F.3d 800, 806 (8th Cir. 2017) (explaining that crime of violence under the guidelines and violent felony under the ACCA have "nearly identical definitions" and that we view them as "interchangeable"). Thus, we affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.