# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3732
_____

United States of America

*Plaintiff - Appellee*

v.

Tracy Parker

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 19, 2019
Filed: July 9, 2019
_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.
_____

MELLOY, Circuit Judge.

In 2017, Defendant Tracy Parker pled guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). See also 18 U.S.C. § 924(a)(2) (setting forth the penalty for violating § 922(g)). At sentencing, the district court[1]

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

concluded that two of Parker's prior convictions—one in 2006 for second-degree robbery and another in 2010 for attempted second-degree assault—were crimes of violence under section 4B1.2(a) of the U.S. Sentencing Guidelines ("Guidelines"). Based partly on these convictions, the district court concluded that Parker's offense level was 25 and that he had a category-IV criminal history. The district court sentenced Parker to a within-range term of 84 months' imprisonment. Parker timely appealed. We affirm.

Parker argues that the district court erred in concluding that Missouri second-degree robbery is a crime of violence under the Guidelines. We disagree. At the time Parker was convicted, "a person commit[ted] the crime of robbery in the second degree" in Missouri by "forcibly steal[ing] property." Mo. Rev. Stat. § 569.030.1 (2006) (current version at Mo. Rev. Stat. § 570.025). Last year, we held that Missouri second-degree robbery is a "violent felony" for purposes of applying the Armed Career Criminal Act ("ACCA") because it "requires the use or threatened use of violent force." United States v. Swopes, 886 F.3d 668, 670–672 (8th Cir. 2018) (en banc); see also 18 U.S.C. § 924(e)(2)(B)(i) (defining the term "violent felony" to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"). The definition of the term "crime of violence" in the Guidelines is "nearly identical" to that of "violent felony." United States v. Mata, 869 F.3d 640, 644 (8th Cir. 2017) (citation omitted); see also U.S.S.G. § 4B1.2(a) ("The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ."). We therefore "construe 'violent felony' under [the ACCA] and 'crime of violence' under the Guidelines as interchangeable." Mata, 869 F.3d at 644 (citation omitted). Indeed, we did so just months after Swopes, holding that Missouri first-degree robbery is a crime of violence under the Guidelines. See United States v. Shine, 910 F.3d 1061, 1063 (8th Cir. 2018) (explaining that Missouri's first-degree robbery statute, like the statute at issue here, involves "physical force that is capable

of causing physical pain or injury to another person" (internal quotation marks and citation omitted)). We likewise hold, for the reasons articulated in Swopes and Shine, that Missouri second-degree robbery is a crime of violence under the Guidelines and reject Parker's first argument.

Parker also argues that the district court erred in concluding that his 2010 conviction for attempted second-degree assault under Mo. Rev. Stat. § 565.060.1(2) (2010) (current version at Mo. Rev. Stat. § 565.052) is a crime of violence. Parker concedes that we have previously held to the contrary, see United States v. Welch, 879 F.3d 324, 326–27 (8th Cir. 2018) (per curiam), but raises the issue to preserve it for further review. We must follow our decision in Welch. See Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (citation omitted)). We therefore reject Parker's second argument and affirm the judgment of the district court.

_____