# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2458

_____

United States of America

*Plaintiff - Appellee*

v.

Kevin L. Conner

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: May 13, 2019
Filed: August 6, 2019
[Unpublished]

_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Kevin Conner pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1]

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

sentenced him to 84 months of imprisonment and three years of supervised release. Conner appeals his sentence, arguing the district court erred in calculating his base offense level under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") by counting his past conviction for Missouri second-degree robbery as a "crime of violence" under U.S.S.G. § 4B1.2. He also argues the district court erred in denying a sentence reduction for acceptance of responsibility after imposing a sentence enhancement for obstruction of justice. We affirm.

Conner acknowledges this court sitting en banc has already held the same second-degree robbery statute under which he was convicted is a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"). *See United States v. Swopes*, 886 F.3d 668, 670–71, 673 (8th Cir. 2018) (en banc) (concluding Mo. Rev. Stat. § 569.030(1) (1979) "requires the use or threatened use of violent force" in satisfaction of the ACCA's "force clause" under 18 U.S.C. § 924(e)(2)(B)(i)).[2] And we have previously said "we construe 'violent felony' under [the ACCA] and 'crime of violence' under the Guidelines as interchangeable." *United States v. Mata*, 869 F.3d 640, 644 (8th Cir. 2017). Still, Conner argues our decision in *Swopes* has been undermined by the Supreme Court's grant of a writ of certiorari in *Stokeling v. United States*, 138 S. Ct. 1438 (2018), which involved a similar question about a Florida robbery statute.

Reviewing this issue de novo, *see United States v. Garcia-Longoria*, 819 F.3d 1063, 1064–65 (8th Cir. 2016), we note the Supreme Court has since handed down its decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019) and bolstered our holding in *Swopes*. Specifically, in *Stokeling* the Supreme Court held that a robbery statute merely "requiring force that overcomes a victim's resistance" satisfies the

---

[2]Missouri amended and re-codified its second-degree robbery statute effective in 2017. *See* Mo. Rev. Stat. § 570.025(1). Conner was convicted of Missouri second-degree robbery in 2014.

ACCA's force clause. 139 S. Ct. at 550–52. And in *Swopes* we had recognized Missouri's second-degree robbery statute "requires the use of force capable of preventing or overcoming resistance." 886 F.3d at 671–72 (cleaned up). It is thus no surprise that since the Supreme Court's decision in *Stokeling* we have held Missouri's second-degree robbery statute is indeed a "crime of violence" under U.S.S.G. § 4B1.2. *United States v. Parker*, No. 17-3732, 2019 WL 2932190, at \*1 (8th Cir. July 9, 2019) (interpreting Mo. Rev. Stat. § 569.030(1) (2006)). Therefore Conner's challenge to the district court's base-offense-level calculation fails.

Turning to Conner's argument that the district erred in denying a sentence reduction for acceptance of responsibility, we note the Guidelines commentary provides such a reduction is justified only in "extraordinary cases" where, as here, an offender also receives a sentence *enhancement* for obstruction of justice. U.S.S.G. § 3E1.1 cmt. n.4.[3] We have explained that an "extraordinary case" for purposes of this provision "means a situation that is extremely rare and highly exceptional." *United States v. Honken*, 184 F.3d 961, 970 (8th Cir. 1999). But Conner argues a district court may not withhold a reduction for acceptance of responsibility based on a defendant's exercise of his Fifth Amendment right against self-incrimination. And he argues that is exactly what happened here when the district court refused a sentence reduction in part because Conner, after being arrested for outstanding felony arrest warrants, initially denied possessing a gun found underneath his mattress at his girlfriend's residence and required police officers to conduct months-long DNA testing before connecting him to the gun at issue. He thus argues his is an "extraordinary case" contemplated by the Guidelines.

---

[3]U.S.S.G. § 3E1.1(a) instructs a district court that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." Here the district court denied the two-level reduction, and we review this determination for clear error. *Peters v. United States*, 464 F.3d 811, 812 (8th Cir. 2006).

Although "[w]e have consistently found" § 3E1.1 does not categorically violate a person's Fifth Amendment right to remain silent, *United States v. McQuay*, 7 F.2d 800, 802 (8th Cir. 1993), we need not resolve whether the district court's decision was erroneous because any error would be harmless. "An incorrect Guidelines calculation is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence." *United States v. Dace*, 842 F.3d 1067, 1069 (8th Cir. 2016) (cleaned up). Here the district court explained it would have imposed the same sentence under the 18 U.S.C. § 3553(a) factors regardless of its calculations under the Guidelines. The district court specifically discussed the need to protect the public and to instill in Conner a respect for the law in light of his current offense and his extensive criminal history involving, among other things, violent threats and abusing women. It also observed Conner had attempted to orchestrate criminal drug activity via jail calls after his arrest for being a felon in possession of a firearm. It further discussed the need to help Conner "turn a corner" to begin paying overdue child support for his multiple children. We conclude the district court provided a sufficiently "detailed explanation for the sentence imposed" so as to "make clear that the judge based the sentence . . . on factors independent of the Guidelines." *Dace*, 842 F.3d at 1069 (cleaned up). We thus reject Conner's challenge to the district court's refusal to provide a sentence reduction for acceptance of responsibility.

Accordingly, we affirm the judgment of the district court.

_____