# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2119

_____

United States of America

*Plaintiff - Appellee*

v.

Sacorey L. Clark

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 15, 2019
Filed: August 19, 2019
[Published]

_____

Before SMITH, Chief Judge, ARNOLD and KELLY, Circuit Judges.

_____

PER CURIAM.

A jury found Sacorey Clark guilty of one count of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the

district court[1] concluded that Clark was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA) because his prior Missouri convictions for first-degree robbery, second-degree robbery, and second-degree assault all qualified as "violent felon[ies]" under 18 U.S.C. § 924(e)(2)(B). Based on a total offense level of 33 and a criminal history category of V, the United States Sentencing Guidelines (2016) range of imprisonment was 210 to 262 months. The district court varied below the advisory range and sentenced Clark to the ACCA statutory minimum of 180 months' imprisonment. See § 924(e)(1).

On appeal, Clark challenges the district court's application of the ACCA, arguing only that his 2001 conviction for second-degree robbery under Mo. Rev. Stat. § 569.030.1 (1979) does not categorically qualify as a violent felony under the "force clause" of the ACCA. See § 924(e)(2)(B)(i) (defining "violent felony" to include offenses that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another"). He acknowledges that our court, sitting en banc, previously held otherwise in United States v. Swopes, 886 F.3d 668, 671–72 (8th Cir. 2018) (en banc), cert. denied, 139 S. Ct. 1258 (2019). But he nevertheless preserved his argument pending the Supreme Court's decision in Stokeling v. United States, 139 S. Ct. 544 (2019), which he argued might cast doubt on Swopes. Whether Clark's conviction qualifies as a predicate offense under the ACCA is an issue we review de novo. United States v. Shockley, 816 F.3d 1058, 1062 (8th Cir. 2016).

The Supreme Court's decision in Stokeling did not cast doubt on our decision in Swopes. To the contrary, it reaffirmed our reasoning that Missouri second-degree robbery—as the statute existed at the time of Clark's conviction—satisfies the force clause of the ACCA because it "requires the use of force capable of preventing or overcoming resistence"; mere snatching of property does not suffice. Compare

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

<u>Swopes</u>, 886 F.3d at 671–72 (cleaned up) (so reasoning), <u>with</u> <u>Stokeling</u>, 139 S. Ct. at 550 (holding that robbery qualifies as a violent felony under the force clause where the offense requires the perpetrator to "overcome the victim's resistance," but not where there is mere snatching of property); <u>see also</u> <u>Dembry v. United States</u>, 914 F.3d 1185, 1188 (8th Cir. 2019) ("[<u>Stokeling</u>] recently clarified that the force clause requires only the amount of force necessary to overcome a victim's resistance." (cleaned up)). Accordingly, the district court did not err in classifying Clark's second-degree robbery conviction as a violent felony, and we affirm his sentence.[2]

_____

[2]Clark's pending pro se motion is denied as moot.