# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-1301

_____

United States of America

*Plaintiff - Appellee*

v.

Terry J. Thornton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: November 15, 2019
Filed: November 22, 2019
[Unpublished]

_____

Before COLLOTON, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Terry J. Thornton appeals the Guidelines-range sentence the district court[1] imposed after he pled guilty to being a felon in possession of a firearm. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Counsel has moved for leave to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), which challenges the district court's imposition of five criminal history points for a three-count robbery conviction pursuant to U.S.S.G. § 4A1.1(e), and an enhancement under U.S.S.G. § 2K2.1(b)(6)(B). Counsel also argues the court failed to adequately explain the sentence, and that the sentence was substantively unreasonable.

This court concludes the district court correctly assessed the five criminal history points for the robbery conviction. *See United States v. Betts*, 509 F.3d 441, 445 (8th Cir. 2007) (standard of review); *see also* U.S.S.G. §§ 4A1.1(a), (e); U.S.S.G. § 4A1.2(a)(2); *United States v. Shine*, 910 F.3d 1061, 1063 (8th Cir. 2018) (Missouri first-degree robbery is a crime of violence). The district court properly applied the enhancement under section 2K2.1(b)(6)(B), because Thornton possessed a firearm in connection with another felony offense, i.e., possession of marijuana. *See* U.S.S.G. § 2K2.1(b)(6)(B), comment. (n.14(A)) (apply Guideline if firearm facilitated, or had the potential to facilitate, another felony offense); *United States v. Jarvis*, 814 F.3d 936, 937 (8th Cir. 2016) (this court reverses if the district court applied the § 2K2.1(b)(6) enhancement based on a temporal and spatial nexus between the drugs and firearm, without applying the "facilitate" standard of note 14(A); the inference that a firearm is for protection of drugs is permissible when the amount of drugs is more than residue); *United States v. Sneed*, 742 F.3d 341, 344-45 (8th Cir. 2014) (affirming application of enhancement where unloaded firearm was found in backpack and drugs were found in defendant's pocket; when a drug user chooses to

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

carry illegal drugs out into public--including in a car--with a firearm, an "in connection with" finding will rarely be clearly erroneous).

The district court adequately explained the sentence, and the sentence was not substantively unreasonable. The record reflects that the district court considered and discussed relevant 18 U.S.C. 3553(a) factors. *See United States v. Feemster*, 572 F.3d 455, 461-62, 464 (8th Cir. 2009) (en banc) (abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors). The court imposed a sentence within the Guidelines range as modified by the statutory maximum. *See United States v. St. Claire*, 831 F.3d 1039, 1043 (8th Cir. 2016) (within-Guidelines sentence is accorded presumption of substantive reasonableness on appeal).

The judgment is affirmed. Counsel's motion to withdraw is granted.

_____