# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3581

_____

United States of America

*Plaintiff - Appellee*

v.

Richard G. Harris, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 15, 2020
Filed: June 26, 2020
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Richard G. Harris, Jr., pleaded guilty to one count of being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). The presentence investigation report calculated a base offense level of 20, *see* U.S.S.G. § 2K2.1(a)(4)(A) (prescribing this base offense level if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . .

a crime of violence"), in light of Harris's prior Missouri conviction for attempted robbery in the second degree, *see* Mo. Rev. Stat. §§ 558.011.1(3), 562.012, 570.025. Harris objected to this base offense level, arguing his prior Missouri conviction is not a "crime of violence" under the guidelines. *See* U.S.S.G. § 4B1.2(a). He conceded, however, that there was Eighth Circuit "authority adverse to his position." In light of these authorities, the district court[1] overruled the objection. It then calculated a total offense level of 17 and a criminal history category of IV, resulting in an advisory sentencing guidelines range of 37 to 46 months' imprisonment. It sentenced Harris to 46 months' imprisonment.

Harris appeals his sentence, renewing his contention that his prior Missouri conviction for attempted robbery in the second degree is not a "crime of violence" under the guidelines. "We review the district court's crime-of-violence determinations de novo." *United States v. Harris*, 950 F.3d 1015, 1017 (8th Cir. 2020). On appeal, Harris once again acknowledges that binding precedent requires us to reject his arguments. He is correct.

First, Harris argues that attempted robbery is not a crime of violence under the force clause because "the inchoate nature of the crime" means that use, attempted use, or threatened use of physical force is not a necessary "element" of the offense. *See* § 4B1.2(a)(1). But in *United States v. Parker*, we held that "Missouri second-degree robbery is a crime of violence" under the force clause. 929 F.3d 940, 942 (8th Cir. 2019). And in *United States v. Shine*, we concluded that Missouri first-degree robbery was a crime of violence under the force clause and that "[i]t makes no difference that [the] conviction was for *attempted* first-degree robbery" because, under the force clause, crimes that have as an element the "'attempted use . . . of physical force'" qualify as crimes of violence. 910 F.3d 1061, 1063-64 (8th Cir. 2018) (quoting § 4B1.2(a)(1)). Following the logic of *Shine* and the holding in *Parker*, we must conclude Harris's conviction for attempted robbery in the second

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

degree is a crime of violence under the force clause. *See United States v. Castellanos Muratella*, 956 F.3d 541, 544 (8th Cir. 2020) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.").

Second, Harris argues his robbery conviction is not a crime of violence under the force clause because one can be liable for aiding and abetting under the statute of conviction and "[a]n aider and abettor does not have to personally use, attempt to use, or threaten violent physical force to be convicted of aiding and abetting a robbery." But the "crime of violence" definition focuses on the "offense" under state law, not the theory of liability under which the person is convicted of that offense. *See* § 4B1.2(a). "Aiding and abetting" is "not itself an offense" but is "simply one way to prove" guilt of the underlying offense. *United States v. Zackery*, 494 F.3d 644, 649 (8th Cir. 2007); *see United States v. Brown*, 550 F.3d 724, 728 (8th Cir. 2008) ("[A] fundamental theory of American criminal law is that an aider and abettor is guilty of the underlying offense." (internal quotation marks omitted)). As a result, "it matters not whether" the defendant "was convicted as a principal or aider or abettor; it matters only whether the substantive offense qualifies" as a crime of violence. *See United States v. Gammell*, 932 F.3d 1175, 1180 (8th Cir. 2019). As discussed above, under our precedents, Harris's underlying offense qualifies as a crime of violence.[2]

We affirm.

_____

_____

[2]Because we conclude Harris's underlying offense constitutes a crime of violence under the force clause, we do not address his argument that this offense is not a crime of violence under the enumerated-offenses clause. *See* § 4B1.2(a)(2).