# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3161

_____

United States of America

*Plaintiff - Appellee*

v.

Charles J. Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 15, 2020
Filed: June 29, 2020
[Unpublished]

_____

Before LOKEN, ARNOLD, and GRASZ, Circuit Judges.

_____

PER CURIAM.

After Charles J. Jones pleaded guilty to being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), the presentence report used to facilitate his sentencing asserted that Jones was an armed career criminal. Under the Armed Career Criminal Act, a person qualifies as an armed career criminal if he has three previous

convictions for a violent felony or a serious drug offense, or both. *See id.* at § 924(e)(1). The report explained that Jones had three predicate convictions, namely, Missouri convictions for first-degree robbery (Mo. Rev. Stat. § 569.020.1 (1979)), second-degree robbery (*id.* at § 569.030.1 (1979)), and illegal sale of a controlled substance (*id.* at § 195.211.1 (1989)). Jones objected to his classification as an armed career criminal, though he acknowledged that our court's precedents ran contrary to his position. The district court[1] denied Jones's objection and sentenced him to fifteen years' imprisonment, the statutory minimum. *See* 18 U.S.C. § 924(e)(1).

On appeal, Jones continues to maintain that he is not an armed career criminal. If he is correct, then the maximum sentence he could receive is ten years' imprisonment. *See id.* at § 924(a)(2). He does not dispute that his conviction for first-degree robbery is a predicate offense, but he contends that his convictions for second-degree robbery and for illegal sale of a controlled substance are not.

Our court held quite recently that a conviction for Missouri second-degree robbery under Mo. Rev. Stat. § 569.030.1 (1979) qualified as a violent felony under the ACCA. *See United States v. Swopes*, 886 F.3d 668, 672 (8th Cir. 2018) (en banc). Jones attempts to avoid *Swopes* by arguing that *Stokeling v. United States*, 139 S. Ct. 544 (2019), an intervening Supreme Court opinion, undermines it. But our court has already rejected this argument, explaining that "*Stokeling* did not cast doubt on our decision in *Swopes*. To the contrary, it reaffirmed our reasoning that Missouri second-degree robbery" qualifies as an ACCA predicate offense. *See United States v. Clark*, 934 F.3d 843, 845 (8th Cir. 2019) (per curiam). *Clark* binds us.

Jones next takes aim at his conviction for illegal sale of a controlled substance, arguing that it is not a "serious drug offense" under the ACCA for two reasons. First,

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

he says, the applicable statute, Mo. Rev. Stat. § 195.211.1 (1989), includes drugs that the federal schedule does not, making it overbroad. And second, he asserts, the applicable statute punishes the mere offer to sell drugs while the federal statute does not. But we have already rejected identical contentions. *See United States v. Jones*, 934 F.3d 842, 842–43 (8th Cir. 2019) (per curiam). In *Jones* we held that, since the drug that supported the defendant's conviction under § 195.211.1 (1989)—cocaine base— is listed on the federal schedule, the fact that § 195.211.1 (1989) criminalized transactions of other substances was immaterial, and so there was no overbreadth difficulty. *Id.* So too here, as Jones was convicted of selling cocaine, a listed drug. Jones's other contention fares no better. We explained in *Jones* that mere offers to sell drugs fall within the ACCA's definition of "serious drug offense" because it includes state offenses "involving" the distribution of controlled substances. *Id.* at 843.

In short, our opinions in *Clark* and *Jones* foreclose Jones's arguments.

Affirmed.

_____