# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3448

_____

In re: Abdullah I Abdul-Rahim, formerly known as Larry Hickson; Stephanie A. Abdul-Rahim

*Debtor*s

------------------------------

Abdullah I Abdul-Rahim; Stephanie A. Abdul-Rahim

*Appellant*s

v.

John V. LaBarge, Jr.

*Appellee*

------------------------------

National Association of Consumer Bankruptcy Attorneys

Amicus on Behalf of *Appellant*s

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: April 10, 2013
Filed: July 12, 2013

_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

_____

BEAM, Circuit Judge.

Abdullah and Stephanie Abdul-Rahim ("Debtors") appeal the decision of the Bankruptcy Appellate Panel (BAP), which affirmed the bankruptcy court's ruling that the holding of In re Benn, 491 F.3d 811 (8th Cir. 2007), compelled the conclusion that the Debtors' unliquidated personal injury claim may not be exempted from their bankruptcy schedules. We affirm.

## I.    BACKGROUND

Debtors filed a Chapter 13 bankruptcy petition on August 3, 2011, and later, in an amended schedule, claimed as exempt an unliquidated personal injury claim, ostensibly pursuant to Missouri Revised Statute § 513.427 and the common law. The Trustee objected to the exemption and the bankruptcy court cited In re Benn in disallowing the exemption. Debtors appealed to the BAP, arguing that In re Benn was inapposite, distinguishable or wrong based upon Missouri state law. Further, Debtors argued that the reasoning underlying the denial of the exemption violated the Erie[1] doctrine and was contrary to the Supreme Court bankruptcy decision Butner v. United States, 440 U.S. 48, 54-55 (1979) (holding that in bankruptcy proceedings, the question of whether a security interest in property extended to rents and profits derived from that property was resolvable by reference to state, rather than federal law). The BAP was unpersuaded, and, relying upon In re Benn, affirmed the bankruptcy court. On appeal, Debtors advance substantially similar arguments as those advanced to the BAP.

_____

[1]Erie R.R. Co. v. Tomkins, 304 U.S. 64 (1938).

## II.    DISCUSSION

On an appeal from the BAP, we act as a second reviewing court of the bankruptcy court's decision, independently applying the same standard of review as the BAP, reviewing findings of fact for clear error and conclusions of law de novo. In re Treadwell, 637 F.3d 855, 863 (8th Cir. 2011).

The Bankruptcy Code allows debtors to exempt certain property from their bankruptcy estates, which are otherwise comprised of all the debtor's legal or equitable interests in property.  11 U.S.C. §§ 522(d), 541(a).  Section 522 sets forth a list of property that may be exempted by the debtor, and also sets forth the general rule that a debtor may choose between the scheme of federal exemptions prescribed in § 522(d); or the debtor may proceed to exempt property based upon other federal law and the law of the debtor's domiciled state.  Id. § 522.  However, a state may "opt out" of the Code's exemptions in § 522 and if that has occurred, a debtor from that state may only claim exemptions based upon federal or state exemptions other than those found in § 522.  In re Benn, 491 F.3d at 813.  Missouri has opted out of the Code's exemptions, see Mo. Rev. Stat. § 513.427, so debtors are limited to the non-522 exemptions.

Debtors argue that under Missouri law, they are or should be allowed to exempt an unliquidated personal injury claim arising from an automobile accident. However, there is no specific Missouri statute that specifies that an unliquidated tort claim can be exempted from the bankruptcy estate.  Section 513.427, the "opt out" statute, provides that Missouri debtors "shall be permitted to exempt from property of the [bankruptcy] estate any property that is exempt from attachment and execution under the law of the state of Missouri."  Mo. Rev. Stat. § 513.427.  Another Missouri statute, section 513.430, lists the kinds of property that are exempt from attachment and accordingly may be exempted from the bankruptcy estate.  The proceeds of personal injury or tort claims, unliquidated or otherwise, are not listed in section

-3-

513.430.[2] Nor are they listed as exempt in any other Missouri or federal statute outside of § 522.[3] Consequently, the Trustee objected to the Debtors' claimed exemption, and cited as authority for the objection our In re Benn decision. The Debtors argue that the holding of In re Benn is limited and has been improperly expanded by the bankruptcy courts in Missouri and the Eighth Circuit bankruptcy appellate panels.

In In re Benn, the debtors, Missouri citizens, attempted to exempt their state tax refund from their bankruptcy estate, and argued that in addition to serving as the state's "opt out" provision, Missouri Revised Statute § 513.427 also defined additional forms of property that a debtor may exempt from the bankruptcy estate. 491 F.3d at 814. The In re Benn debtors focused on language in section 513.427 stating that debtors in Missouri were entitled to exempt from the bankruptcy estate "any property that is exempt from attachment and execution under the law of the state of Missouri." Mo. Rev. Stat. § 513.427. In rejecting the notion that section 513.427 was an exemption statute in addition to an opt-out statute, we held that the meaning of the "law of the state of Missouri" was that Missouri debtors may exempt property only "where another Missouri *statute* specifies that certain property is exempt." In re Benn, 491 F.3d at 814 (emphasis added). Under the reasoning of In re Benn, a Missouri debtor may only exempt property from the bankruptcy estate if Missouri Revised Statute § 513.430, or some other Missouri legislative pronouncement (statute) provides for exemption from bankruptcy. In re Benn, 491 F.3d at 814.

---

[2]For an example of an "opt out" state's exemption statute authorizing such exemptions, see Nebraska Revised Statute §§ 25-1563.02, 25-15,105.

[3]11 U.S.C. § 522(d)(11)(D) actually does allow the debtor to exempt, up to $22,975, his or her right to receive property traceable to a payment on account of personal bodily injury. As noted, Missouri debtors are not able to avail themselves of the exemptions in § 522. See Mo. Rev. Stat. § 513.427.

Although none of our cases have construed In re Benn, it has been routinely interpreted by the district and bankruptcy courts in Missouri to require a state statutory basis for bankruptcy exemptions. See Dylewski v. Amco Ins. Co., No. 4:10-CV-00289, 2010 WL 1727870, at *3 (E.D. Mo. April 29, 2010) (construing In re Benn and noting in a non-bankruptcy case that "an unliquidated claim based on personal injury may not properly be excluded from a bankruptcy estate"); In re Parsons, 437 B.R. 854, 858 (Bankr. E.D. Mo. 2010) (holding, in light of In re Benn, "[a]ll debtors henceforth must make do with the Missouri exemptions where the Missouri Legislature has *explicitly identified property that a judgment debtor can keep away from creditors*, not those that were created in practice and went without objection"); In re Mahony, 374 B.R. 717, 719 (Bankr. W.D. Mo. 2007) ("Unfortunately for the Debtors, however, the Eighth Circuit's [In re Benn] opinion is very clear that, unless there is a specific Missouri statute, or a federal statute other than § 522, providing an exemption in property, a Missouri debtor in bankruptcy cannot claim an exemption in it.").

Nonetheless, the Debtors argue that In re Benn's holding is narrow and stands only for the proposition that Missouri Revised Statute § 513.427 does not create an exemption for tax refunds, nor does any other Missouri or federal statute. See In re Benn, 491 F.3d at 816. Debtors characterize the remaining language of In re Benn as dicta, and also point to a 1987 bankruptcy case from Missouri, In re Mitchell, as the primary authority to support their argument that unliquidated personal injury claims may be exempted from the bankruptcy estate. 73 B.R. 93, 94 (Bankr. E.D. Mo. 1987). The Mitchell court specifically held that the language of section 513.427 "permits Missouri residents to claim exemptions created by statutory and constitutional law as well as common law." Id. The Mitchell court explained such claims should be exempt from the bankruptcy estate because they are contingent, uncertain, and unattachable and therefore fall within the language of section 513.427 (even though not listed in section 513.430). 73 B.R. at 95. In addition to relying upon Mitchell, Debtors further argue that the Missouri legislature's silence on the

issue of the exemption of unliquidated personal injury claims means that it does not intend to preclude such claims. Finally, Debtors point out that Missouri state courts disagree with our In re Benn opinion. E.g., Russell v. Healthmont of Mo., LLC., 348 S.W.3d 784, 787 (Mo. Ct. App. 2011) (stating that we "disregarded . . . extensive Missouri case law interpreting § 513.427" by holding that it was an "opt out" statute only).

While we appreciate the reasoning of Mitchell, its substance–that section 513.427 contains exemptions in addition to the opt out language–was overruled by In re Benn, 491 F.3d at 814.[4] Further, while Russell is instructive on the issue of Missouri statutory history, we cannot escape the language from In re Benn. The In re Benn court construed the meaning of Missouri Revised Statute § 513.427, and the language Debtors point to as dicta–that section 513.427 is an opt out rather than an exemption statute–is an integral part of In re Benn's analysis. 491 F.3d at 814. Further as the Trustee points out, the Missouri legislature has apparently declined the opportunity to amend its exemption statute, section 513.430, to add unliquidated personal injury claims, even in light of the numerous Missouri bankruptcy court decisions precluding such claims from exemption.

It is true that Missouri courts have long held that personal injury claims are exempt from attachment, and under our reasoning, the Trustee has the ability to seek more assets to repay creditors than does a non-Trustee creditor outside of the bankruptcy process. Debtors argue that this result is contrary to Butner. In Butner, the Court held that in bankruptcy proceedings, the question of whether a security interest in property extended to rents and profits derived from that property was resolvable by looking to state, rather than federal, law. 440 U.S. at 55. The Butner

_____

[4]In light of Mitchell's overruling, we disagree with Debtors' Erie arguments based upon the rule allegedly established in Mitchell, and further note that the Erie doctrine's reach is limited in bankruptcy cases. U.S. Trust Co. of N.Y. v. Zelle, 191 F.2d 822, 825 (8th Cir. 1951).

Court qualified its holding, however, stating that "[u]nless some federal interest requires a different result," property rights should be the same under both state and federal law. Id. As we noted in In re Benn, the federal interests in balancing and promoting the multiple purposes of the Bankruptcy Code provide sufficient justification for why a bankruptcy trustee might have more remedies available to it than another Missouri creditor. In re Benn, 491 F.3d at 816. Ultimately, we conclude that unless In re Benn is overruled en banc or by the Supreme Court, it remains binding precedent, and is directly applicable to the issues in this case.

## III.    CONCLUSION

For these reasons, we affirm.

_____