# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6039

_____

In re: Mirella S. Goben

*Debtor*

------------------------------

Mirella S. Goben

*Debtor - Appellant*

v.

Corydon State Bank

*Objector - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Southern District of Iowa - Des Moines

_____

Submitted: August 20, 2013
Filed: September 23, 2013

_____

Before KRESSEL, SCHERMER and NAIL, Bankruptcy Judges.

_____

SCHERMER, Bankruptcy Judge

Mirella S. Goben (the "Debtor") appeals from the bankruptcy court's[1] order sustaining Corydon State Bank's (the "Bank") objection to the Debtor's claimed exemption in a vehicle, and ruling that the Debtor cannot avoid the Bank's lien under § 522(f) of Title 11 of the United States Code (the "Bankruptcy Code").[2] We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The first issue in this case is whether the bankruptcy court properly concluded that the Debtor had no interest in a vehicle in which she could claim an exemption where the vehicle was fully encumbered. We agree with the bankruptcy court's decision that the Debtor could not claim an exemption in the Vehicle. The second issue is whether Bankruptcy Code § 522(f) allows the Debtor to avoid the Bank's lien. We also agree with the bankruptcy court's ruling that the Bankruptcy Code provides for no such avoidance.

## BACKGROUND

On January 2, 2013, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On her Schedule C (claimed exemptions), the Debtor claimed a $1,000 exemption in her 2000 Hyundai Tiburon (the "Vehicle") under Iowa law. The Debtor listed the value of this vehicle as $1,000 on her Schedule C.

---

[1] The Honorable Anita L. Shodeen, Chief Judge, United States Bankruptcy Court for the Southern District of Iowa.

[2] It is unclear whether the Debtor appeals the § 522(f) portion of the bankruptcy court's decision. To give the benefit of the doubt to the Debtor, we address the § 522(f) ruling.

2

The Bank objected to the Debtor's claimed exemption in the Vehicle, stating that it made loans to the Debtor, and claiming a perfected security interest in the Vehicle. The Debtor filed an *Objection to Bank's Objection to Exemption* (the "Debtor's Objection"). After a hearing, the bankruptcy court held that it was "unclear whether the Bank holds a perfected lien against [the Vehicle]." The court then ordered the Bank to provide documents to show that it had a perfected lien against the Vehicle. The court stated that after receipt of the requested documents, the court would make a decision without a further hearing.[3]

In May 2013, the bankruptcy court entered an order on its docket finding that the Debtor had listed the Vehicle on her Schedule C with a value of $1,000, and as exempt (under IOWA CODE § 627.6) in the amount of $1,000. The court stated that the Bank objected to the claimed exemption "based upon two loans with an outstanding balance of $4,233.39," that the loans were secured by the Vehicle and that the Bank's lien was noted on the Vehicle's Certificate of Title. The court concluded that the debt secured by the Vehicle exceeded the value of the Vehicle and, therefore, "the Debtor has no interest in the motor [V]ehicle to claim as exempt." The bankruptcy court also stated that § 522(f) of the Bankruptcy Code "is not available to the Debtor to avoid this type of lien." Therefore, the bankruptcy court sustained the Bank's objection to the Debtor's exemption and overruled the Debtor's Objection.[4]

---

[3]      The Debtor did not provide us with a copy of the hearing transcript, so we do not know the exact arguments that were made at that hearing. However, the orders entered by the bankruptcy court on the merits of this matter rule on both the Debtor's claimed exemption, and on whether § 522(f) applies to avoid the Bank's liens.

[4]      On June 12, 2013, the bankruptcy court entered an order including the same findings and conclusions as those set forth in the May 2013 order, and also recognizing that the Debtor was not able to timely appeal the May 2013 order because service of it was not made on her. The bankruptcy court stated that "[t]he time period

3

## STANDARD OF REVIEW

The bankruptcy court's findings of fact are reviewed for clear error, and it conclusions of law are reviewed de novo. *Abdul-Rahim v. LaBarge (In re Abdul-Rahim)*, 720 F.3d 710, 712 (8th Cir. 2013) (citation omitted).

## DISCUSSION

"The Bankruptcy Code allows debtors to exempt certain property from their bankruptcy estates, which are otherwise comprised of all the debtor's legal or equitable interests in property." *Abdul-Rahim*, 720 F.3d at 712 (citing 11 U.S.C. §§522(d) and 541(a)). We construe exemption statutes liberally. *Foellmi v. Ries (In re Foellmi)*, 473 B.R. 905, 908 n. 7 (B.A.P. 8th Cir. 2012)(citations omitted)).

Generally, a debtor may exempt property that is exempt under § 522(d), or under applicable state law and federal law other than § 522(d). 11 U.S.C. §§ 522 (b)(1), (2) and (3). A state may "opt out" of the Bankruptcy Code's §522(d) exemptions, which Iowa has done. 11 U.S.C. § 522(b)(2); IOWA CODE §627.10.

The Debtor claimed an exemption under § 627.6(9) of the Iowa Code, which provides that "[a] debtor who is a resident of [Iowa] may hold exempt from execution . . . [t]he debtor's interest in one motor vehicle, not to exceed in value seven thousand dollars." IOWA CODE § 627.6(9).

The bankruptcy court correctly determined that the Debtor is not entitled to an exemption under IOWA CODE § 627.6 because she does not hold an interest in the Vehicle that she could claim to be exempt. To determine the Debtor's interest in the Vehicle that is subject to her claim of an exemption, we subtract the amount of the

_____

for appeal pursuant to Bankruptcy Rule 8002(a) will be governed by the date this Nunc Pro Tunc Order is filed on the docket." The Debtor timely appealed the June 2013 order. The May 2013 order is technically *res judicata* as to the June 2013 order.

4

secured debt from the value of the Vehicle. The Debtor does not dispute that the value of her Vehicle is less than the amount she owes to the Bank. Therefore, the Debtor enjoys no equity, and has no interest in the Vehicle to exempt.

We also agree with the bankruptcy court's statement that "11 U.S.C. [§] 522(f) is not available to Debtor to avoid this type of lien." Section 522(f)(1) provides that:

> (1) . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is —
>
> (A) a judicial lien . . . ;
>
> (B) a nonpossessory, non-purchase money security interest in any —
>
>    (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
>
>    (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
>
>    (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

11 U.S.C. § 522(f)(1). Nothing in the record suggests, even remotely, that the Bank's interest in the Vehicle qualifies under any category enumerated in § 522(f)(1).

## CONCLUSION

For the reasons set forth above, the decision of the bankruptcy court is AFFIRMED.

―――――――――――――