# United States Court of Appeals
### For the Eighth Circuit
_____

No. 22-1723
_____

PIRS Capital, LLC

*Appellant*

v.

Renee S. Williams; Maurice Bailey

*Appellee*s

_____

Appeal from United States District Court
for the Western District of Arkansas - El Dorado

_____

Submitted: September 20, 2022
Filed: December 8, 2022

_____

Before LOKEN, ARNOLD, and KOBES, Circuit Judges.

_____

LOKEN, Circuit Judge

PIRS Capital, LLC ("PIRS"), appeals the district court's[1] order that affirmed the bankruptcy court's[2] April 2021 order denying PIRS's motion to set aside a January 2018 default judgment in the amount of $157,214. PIRS argues it is entitled to this extraordinary post-judgment relief because the bankruptcy trustee did not properly serve her adversary complaint seeking recovery of preferential transfers. PIRS relies on provisions of Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure, the bankruptcy counterpart to Rule 60(b) of the Federal Rules of Civil Procedure. We have jurisdiction over this second appeal. See 28 U.S.C. § 158(d)(1). For the following reasons, we affirm.

## I. Background

PIRS's 2017 website states that it was founded in 2012 as a new source of capital for small businesses. PIRS had agreements in effect to purchase accounts receivable from Crossett Ford Lincoln on March 21, 2015, when Crossett filed a voluntary petition for protection under Chapter 7 of the Bankruptcy Code in the Western District of Arkansas. PIRS promptly filed a Proof of Claim for $137,682 of unpaid advances, listing its address as 40 Exchange Place, Suite 1607, New York, NY 10005. The Proof of Claim was signed by Alexander Parsol, listing "Managing Partner" as his title and 40 Exchange Place, Suite 1607, as his address.

In March 2017, bankruptcy trustee Renee Williams filed an adversary complaint against PIRS in the Western District of Arkansas Bankruptcy Court.

---

[1]The Honorable Susan O. Hickey, United States Chief Judge for the Western District of Arkansas.

[2]The Honorable Richard D. Taylor, United States Bankruptcy Judge for the Western District of Arkansas.

Counts I and II sought to avoid and recover for the bankruptcy estate $156,864 that debtor Crossett allegedly transferred to PIRS within 90 days of bankruptcy on account of an antecedent debt. See 11 U.S.C. §§ 547(b), 550. Count III sought to disallow PIRS's claim until PIRS paid the trustee the total amount of avoided transfers. Exhibit A listed the many transfers sought to be avoided, for the most part $2,660 every week day from December 22, 2014 to February 19, 2015.

On March 14, Trustee Williams served the adversary complaint and summons by certified mail to the following address, with return receipt requested:

> PIRS Capital, LLC
> **Attention: Alexander Parsol, Managing Partner**
> 40 Exchange Place, Suite 1607
> New York, NY 10005

Williams based this method of service on the following information. First, PIRS's Proof of Claim listed Managing Partner Alexander Parsol, who signed the Proof of Claim, as the proper person and 40 Exchange Place, Suite 1607, as the address where notices should be sent. Second, to confirm Parsol was the appropriate agent, Williams researched New York Department of State (DOS) records. A Division of Corporations printout stated that PIRS had no Registered Agent; the "Selected Entity Address Information" listed the address to which DOS will mail process as Alexander Parsol, 40 Exchange Place, Suite 1606, New York, New York, 10005.[3] By March 2017, this was outdated information -- PIRS had moved to Suite 403 six months earlier, and Parsol left the organization a year earlier. PIRS had failed to update either its bankruptcy Proof of Claim or the DOS website with these changes.

---

[3] Williams and her staff attorney, after reviewing "everything we had on hand," determined that Suite 1607 was the correct address, not Suite 1606.

Despite naming the wrong suite, 1607 instead of 403, the summons and complaint mailing was delivered to PIRS at its 40 Exchange Place office on March 17. The return receipt was signed by "A. Larranaga," then a PIRS assistant underwriter who was not authorized to receive service. Subsequently, the trustee served a Motion for Entry of Default and Motion for Default Judgment and a notice of a hearing on that motion on PIRS at Suite 1607. PIRS failed to respond. On July 28, the Clerk of Court filed an Entry of Default. On January 11, 2018, the bankruptcy court granted the trustee a default judgment for $156,864 plus the filing fee. The Entry of Default and notice of the default judgment were also sent to PIRS at Suite 1607. None of these notices and pleadings was returned as undeliverable.

In September 2020, thirty-two months after entry of the default judgment, the court entered an order sustaining the trustee's objection to PIRS's Proof of Claim. Copies of this order were sent to Suite 1607 and Suite 403; the record reflects service at Suite 403. Claiming this was its first notice of any adverse action in the Crossett bankruptcy, PIRS researched, discovered the adversary proceeding, and asked the trustee to vacate the default judgment. The trustee declined, and PIRS moved to set aside the default judgment. PIRS argued first, that the judgment was void under Federal Rule 60(b)(4) because the adversary complaint was served on the wrong person and address under Bankruptcy Rule 7004(b)(3); and second, that this error denied PIRS "full and fair opportunity to litigate its defenses," justifying relief under Federal Rule 60(b)(6).

After an evidentiary hearing the bankruptcy court denied the motion, concluding (i) the trustee properly effected service using the information PIRS provided in its Proof of Claim, and exercised due diligence by researching the DOS website; and (ii) PIRS's failure to respond to the adversary complaint and subsequent motion for default judgment was due to its own failings, including making Parsol its agent for purposes of service, failing to update bankruptcy and DOS records, and failing to ensure mail would be forwarded to its new address. In re Crossett Ford

Lincoln LLC, 628 B.R. 646, 658-64 (Bankr. W.D. Ark. 2021). The district court affirmed for these reasons, carefully addressing the Rule 60(b)(4) and 60(b)(6) issues. PIRS Capital, LLC v. Williams, 637 B.R. 825, 829-32 (W.D. Ark. 2022). PIRS appeals, renewing its Rule 60(b)(4) and 60(b)(6) contentions. As the second court of review, we apply the same standards of review as the district court, reviewing the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. See, e.g., In re MBA Poultry, L.L.C., 291 F.3d 528, 533 (8th Cir. 2002).

## II. Discussion

**A. Rule 60(b)(4).** Federal Rule 60(b)(4), made applicable to adversary and other bankruptcy cases by Bankruptcy Rule 9024, provides that a court may relieve a party from a final judgment or order if "the judgment is void." PIRS argues the trustee's default judgment is void. The argument proceeds in two steps. First, PIRS relies on our broad statement in Bell v. Pulmosan Safety Equipment Corp.:

> A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process. If a defendant is improperly served, a federal court lacks jurisdiction over the defendant. Therefore, if service was not proper, the district court lacked jurisdiction, and the default judgment is void.

906 F.3d 711, 714-15 (8th Cir. 2018) (quotations and citations omitted). In Bell, applying New York law, we concluded that the process server had no information indicating the party served (a doorman) was "a proper party to receive service," so Bell is factually distinguishable. Second, relying on bankruptcy court decisions, PIRS argues that "Rule 7004(b)(3) requires strict compliance." We have never endorsed this principle, though we noted that the Supreme Court of South Dakota requires strict compliance with the personal service requirements of an applicable *statute* in Sommervold v. Wal-Mart, Inc., 709 F.3d 1234, 1237 (8th Cir. 2013).

-5-

What PIRS's argument totally ignores is the controlling Supreme Court definition of when a judgment is void for purposes of Rule 60(b)(4):

> A void judgment is a legal nullity . . . . one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment became final. . . . Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. . . . Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction.

United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270-71 (2010) (citations and quotations omitted).

Here, consistent with Espinosa, the bankruptcy court and the district court concluded the bankruptcy court had at least an arguable basis for jurisdiction. First, trustee Williams arguably complied with Rule 7004(b)(3) by serving PIRS in the manner directed in its Proof of Claim, a direction reinforced by the trustee's diligent research of PIRS on the DOS website. Second, the trustee sent the summons and complaint by certified mail, return receipt requested, and received the receipt showing the summons and complaint was *actually received* by a PIRS employee at its Suite 403 address. The Supreme Court in Espinosa expressly stated that receiving actual notice "more than satisfied [PIRS's] due process rights." Id. at 272. Third, "the bankruptcy court reasoned that an entity served by legal process should not benefit from its own inaccurate or dated records when others attempt in good faith to determine the appropriate agent for service." PIRS Capital, 637 B.R. at 831.

We agree with this reasoning and, like the district court, reject PIRS's Rule 60(b)(4) contention that the default judgment is void. As the Supreme Court noted

in <u>Espinosa</u>, a bankruptcy case, the Bankruptcy Rules that apply in an adversary proceeding "are 'procedural rules adopted by the Court for the orderly transaction of its business' that are 'not jurisdictional.'" 559 U.S. at 272, quoting <u>Kontrick v. Ryan</u>, 540 U.S. 443, 454 (2004); <u>see</u> Fed. R. Bankr. P. 9030.

**B. Rule 60(b)(6).** PIRS further argues the bankruptcy court abused its discretion in refusing to set aside the default judgment under Rule 60(b)(6), which provides that a court may relieve a party from a final judgment or order for "any other reason that justifies relief." Rule 60(b)(6) relief is available "only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and . . . receiv[e] adequate redress." <u>Harley v. Zoesch</u>, 413 F.3d 866, 871 (8th Cir. 2005). PIRS argues the trustee's improper service "deprived it of a full and fair opportunity to present meritorious defenses."

Rule 60(b)(6) is a "catchall" option that "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." <u>Kemp v. United States</u>, 142 S. Ct. 1856, 1861 (2022); <u>see</u> <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 863 n.11 (1988). Here, PIRS sought relief based on the trustee's allegedly improper service under Rule 60(b)(4). Relief under Rule 60(b)(4) was not "inapplicable." PIRS simply failed to prove that the trustee's service, which provided PIRS actual notice and arguably complied with the Bankruptcy Rules, rendered the default judgment "void." PIRS's claim of exceptional circumstances is that the trustee's service "deprived it of a full and fair opportunity to present meritorious defenses." That could have been the basis for a claim under Rule 60(b)(1), which permits a court to set aside a default judgment for "mistake . . . or excusable neglect." PIRS did not make this claim, no doubt because the above-summarized facts establish that, with actual notice of the summons and complaint and subsequent notices and pleadings, PIRS's failure to answer the adversary complaint or timely contest the trustee's motion for default judgment were due to its own inexcusable neglect. Therefore, even if Rule 60(b)(6) relief is not precluded under <u>Kemp</u>, we agree with the district

-7-

court that "the circumstances that led to PIRS's failure to defend were of its own making [and therefore] PIRS cannot establish the existence of exceptional circumstances" that warrant Rule 60(b)(6) relief. PIRS Capital, 637 B.R. at 832.

### III. Conclusion

The Final Judgment/Order of the district court is affirmed.

—————————————————