# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2605

_____

United States of America,

*Plaintiff - Appellee*,

v.

George L. Gordon,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 13, 2023
Filed: June 13, 2023

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

George Gordon appeals a sentence of ninety-six months' imprisonment imposed by the district court[*] after Gordon pleaded guilty to unlawful possession of a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). Gordon argues that the district court

---

[*]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

committed procedural error by miscalculating his base offense level under the sentencing guidelines.

The sentencing guidelines establish a base offense level of 20 for an offender convicted under § 922(g)(1) if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." USSG § 2K2.1(a)(4). The guidelines define "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). Gordon committed his offense after sustaining a conviction in 1996 for second-degree robbery in Missouri. *See* Mo. Rev. Stat. § 569.030.1 (1979). The district court determined that robbery in Missouri is a crime of violence, and thus determined that Gordon's base offense level was 20.

Gordon maintains that the district court erred in calculating the guideline range because none of his prior felony convictions, including the conviction for second-degree robbery, qualifies as a "crime of violence." We review the district court's determination *de novo*. *United States v. Long*, 906 F.3d 720, 725 (8th Cir. 2018). Because Gordon did not raise this argument in the district court, we review only for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-35 (1993).

Under Gordon's statute of conviction in Missouri, a person commits second-degree robbery "when he forcibly steals property." Mo. Rev. Stat. § 569.030.1 (1979). A person "forcibly steals" when, in the course of stealing:

> he uses or threatens the immediate use of physical force upon another
> person for the purpose of: (a) Preventing or overcoming resistance to
> the taking of the property or to the retention thereof immediately after

the taking; or (b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft[.]

Mo. Rev. Stat. § 569.010(1) (1979).

This court has held that second-degree robbery under this Missouri statute is a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i), because the offense requires "the use, attempted use, or threatened use of physical force against the person of another." *United States v. Swopes*, 886 F.3d 668, 670-72 (8th Cir. 2018) (en banc). The definition of "crime of violence" under the guidelines is identical in relevant respects to the definition of "violent felony." *See United States v. Hall*, 877 F.3d 800, 806 (8th Cir. 2017). Therefore, it follows that second-degree robbery in Missouri is also a "crime of violence" under the guidelines.

Gordon contends, however, that an intervening decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), undermines *Swopes*. *Taylor* held that attempted Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A), because an offender could be convicted by taking a substantial step toward the commission of a robbery without the use, attempted use, or threatened use of physical force against another. 142 S. Ct. at 2020. The Court explained that "some form of communication is usually required" for a defendant to threaten the use of force, but attempted Hobbs Act robbery does not categorically require that the defendant communicate a threat to another person. An offender might be convicted, for example, based solely on preparatory activity that is terminated when he is apprehended en route to a planned robbery. *Id.* at 2020-23.

Gordon argues that second-degree robbery in Missouri likewise does not require that an offender communicate a threatened use of force, because an *implicit* threat of force is sufficient to sustain a conviction. *See State v. Coleman*, 463 S.W.3d

353 (Mo. 2015); *State v. Brooks*, 446 S.W.3d 673 (Mo. 2014). But an implicit threat is still a form of communication, and *Taylor* recognized that threats can be communicated verbally or nonverbally. 142 S. Ct. at 2022.

The Missouri decisions in *Coleman* and *Brooks* show that implicit threats of force are still communicated to a victim. *Coleman*, 463 S.W.3d at 354-55; *Brooks*, 446 S.W.3d at 677. In *Brooks*, a bank robber threatened force by wearing a disguise in violation of the bank's policy, presenting the teller with a note demanding money, slamming his hand on the counter, and ordering the teller to "get back here." 446 S.W.3d at 676-77. Those actions supported a reasonable inference that the offender made "a threat of immediate physical force" against the teller if she did not comply with the robber's demand. *Id.* at 677. Similarly, in *Coleman*, the evidence supported a finding that the offender threatened the immediate use of physical force against bank employees by approaching a teller, keeping one hand concealed, demanding money to which he had no lawful right, and directing the branch manager not to move any further when she approached to investigate. 463 S.W.3d at 355.

These decisions do not suggest that an offender could be convicted of second-degree robbery in Missouri without communicating a threatened use of force. Therefore, *Taylor*'s reasoning about the inchoate offense of attempted robbery under the Hobbs Act does not extend to the completed offense of second-degree robbery in Missouri.

Because Gordon's prior conviction for second-degree robbery qualifies as a crime of violence under USSG § 4B1.2(a)(1), the district court did not err in determining a base offense level of 20 under USSG § 2K2.1(a)(4). There was no procedural error, and the judgment of the district court is affirmed.

_____