# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3634
_____

United States of America

*Plaintiff - Appellee*

v.

Cody J. Rethford

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 18, 2023
Filed: November 3, 2023

_____

Before LOKEN, WOLLMAN, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Cody Rethford pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The presentence investigation report recommended a base offense level of 20 under USSG § 2K2.1(a)(4)(A) because Rethford's 2013 Missouri conviction for second-degree robbery is a "crime of violence" under the Sentencing Guidelines. Overruling Rethford's objection, the

district court[1] adopted this recommendation, resulting in an advisory guidelines sentencing range of 63 to 78 months imprisonment. The court imposed a 72-month sentence followed by three years of supervised release. Rethford appeals the sentence, arguing the district court erred in determining that his prior conviction for Missouri second-degree robbery is a crime of violence under the Guidelines. Reviewing *de novo*, we affirm. See United States v. Long, 906 F.3d 720, 725 (8th Cir. 2018) (standard of review).

The Guidelines define "crime of violence" to mean "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that either "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another" (the force clause), or "(2) is murder . . . robbery [etc.]" (the enumerated offenses clause). USSG § 4B1.2(a); see United States v. Pulley, 75 F.4th 929, 931 (8th Cir. 2023). Whether an offense is a crime of violence is determined categorically, based on its statutory elements; "the facts of a given case are irrelevant." Borden v. United States, 141 S. Ct. 1817, 1822 (2021). On appeal, Rethford argues that his conviction for Missouri second-degree robbery is not a crime of violence under either clause. We conclude that controlling Eighth Circuit precedent has established that a prior conviction for Missouri second-degree robbery under Mo. Rev. Stat. § 569.030.1, the statute in effect when Rethford committed the offense,[2] is a crime of violence under USSG § 4B1.2(a)(1).

---

[1]The Honorable Roseann Ketchmark, United States District Judge for the Western District of Missouri.

[2]At that time, Missouri's statute defining second-degree robbery was Mo. Rev. Stat. § 569.030, enacted in 1979. The statute remained unchanged until January 1, 2017, when the Missouri Legislature renumbered and amended the statute to require "physical injury to another person," Mo. Rev. Stat. § 570.025.1. See United States v. Swopes, 886 F.3d 668, 670 n.3 (8th Cir. 2018) (en banc).

In 2018, our Court, sitting en banc and applying the categorical approach, overruled a prior panel decision and held that a conviction of second-degree robbery under Mo. Rev. Stat. § 569.030.1 is a "violent felony" under the force clause of the Armed Career Criminal Act ("ACCA").[3] Swopes, 886 F.3d at 670-72. "The Sentencing Guidelines's definition of 'crime of violence' is so similar to the ACCA's definition of 'violent felony' that 'we generally consider cases interpreting them interchangeably.'" United States v. Martin, 15 F.4th 878, 883 (8th Cir. 2021) (quotation omitted). Swopes thus established that Missouri second-degree robbery is a crime of violence under the Guidelines force clause. See United States v. Parker, 929 F.3d 940, 942 (8th Cir. 2019).

Rethford argues that Swopes was wrongly decided and the Supreme Court's recent decision in United States v. Taylor, 142 S. Ct. 2015 (2022), requires our panel to reconsider this precedent. In Taylor, the Court held that attempted Hobbs Act robbery is not a crime of violence under the force clause because the offense does not require a "communicated threat of force." Id. at 2024. Rethford argues that the analysis in Taylor mandates reconsideration of Swopes because a person can be convicted of Missouri second-degree robbery on the basis of an implicit threat, which is not a "communicated threat of force."

We recently addressed this same argument and found it unpersuasive. See United States v. Gordon, 69 F.4th 932 (8th Cir. 2023). We held that "Taylor's reasoning about the inchoate offense of attempted robbery under the Hobbs Act does not extend to the completed offense of second-degree robbery in Missouri" because "an implicit threat is still a form of communication, and Taylor recognized that threats can be communicated verbally or nonverbally." Id. at 933-34. Accordingly, a "prior [Missouri] conviction for second-degree robbery qualifies as a crime of violence under USSG § 4B1.2(a)(1) [the force clause]." Id. at 934. Even more recently, citing

---

[3]18 U.S.C. § 924(e)(2)(B)(i).

Gordon, we held that a Missouri conviction for attempted second-degree robbery is a crime of violence under USSG § 4B1.2(a)(1). United States v. Anderson, No. 23-1330, 2023 WL 6121017 (8th Cir. 2023). "It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." Parker, 929 F.3d at 942, quoting Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc). Following the controlling panel decision in Gordon, we hold that the district court committed no error in concluding Rethford's prior robbery conviction is a crime of violence.

On appeal, Rethford further argues that Missouri second-degree robbery is not a crime of violence under the enumerated offenses clause because it encompasses a broader range of conduct than does the generic definition of robbery. See Martin, 15 F.4th at 883-84 (explaining the analysis we apply in determining whether a state statute has the same elements as the generic federal definition of an enumerated offense). Because Missouri second-degree robbery is a crime of violence under the force clause, we need not address this issue. Nor need we address the government's alternative argument that it is clear from the record the district court would have imposed the same sentence independent of the Guidelines and therefore any error in calculating Rethford's advisory guidelines range was harmless.

The judgment of the district court is affirmed.

_____