# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1666
_____

In re: Robert Edward Dewey Shoults, Jr.; Kristina Marie Shoults

*Debtor*s

------------------------------

Robert Edward Dewey Shoults, Jr.; Kristina Marie Shoults

*Appellant*s

v.

Tracy A. Brown
Chapter 7 Trustee

*Trustee Appellee*

_____

Submitted: January 14, 2025
Filed: July 15, 2025
_____

Before LOKEN, ARNOLD, and KELLY, Circuit Judges.
_____

LOKEN, Circuit Judge.

In December 2020, Robert and Kristina Shoults ("Debtors") filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri. In June 2021, the Debtors amended their schedule, claiming that a pre-petition, contingent, unliquidated personal injury tort

claim against a third party is exempt under Missouri common law and Missouri Revised Statutes § 513.427. Tracy A. Brown, the Chapter 7 Trustee, objected to the exemption. The bankruptcy court disallowed the exemption, the district court[1] affirmed, and the Debtors appeal. As the second court reviewing the bankruptcy court's decision, we apply the same standard of review as the district court -- reviewing findings of fact for clear error and conclusions of law *de novo*. PIRS Cap., LLC v. Williams, 54 F.4th 1050, 1053 (8th Cir. 2022). We affirm.

## I.

In general, a federal bankruptcy estate consists of all the debtor's legal or equitable interests in property. 11 U.S.C. § 541(a). The Bankruptcy Reform Act of 1978 provides a uniform scheme allowing debtors to exempt certain property from the bankruptcy estate that the debtors can retain for a "fresh start" after the bankruptcy proceeding. In re Benn, 491 F.3d 811, 813 (8th Cir. 2007) (Benn); see 11 U.S.C. § 522(d) (listing property that may be exempted). States may opt out of this common scheme and create their own exemptions. 11 U.S.C. § 522(b)(2). Missouri expressly opted out of the federal § 522(d) exemptions in § 513.427 of the Missouri Revised Statutes, restricting Missouri residents "to the exemptions available under Missouri law and under federal statutes other than section 11 U.S.C. § 522(d)." In re Wallerstedt, 930 F.2d 630, 631 n.1 (8th Cir.1991).

Section 513.427 of the Missouri Revised Statutes provides that Missouri debtors seeking relief under the federal Bankruptcy Code "shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than . . .

---

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri, affirming the March 31, 2023 Order of the Honorable Bonnie L. Clair, United States Bankruptcy Judge for the Eastern District of Missouri.

Section 522(d)." In Benn, we rejected the debtor's argument that tax refunds still in the government's custody are exempt because they are not in the list of the kinds of property that are exempt from attachment in Missouri Revised Statutes § 513.430. We held that Missouri debtors may only exempt property "where another Missouri statute specifies that certain property is exempt." Benn, 491 F.3d at 814. Section 513.427 is merely an "opt-out" statute; it "announces no new exemptions under Missouri law." Id. at 813-14. We explained, "[e]xemption' is a term of art in bankruptcy, and . . . while exemption may mean different things in different contexts, in the context of 11 U.S.C. § 522, it refers to laws enacted by the legislative branch which explicitly identify property that judgment-debtors can keep away from creditors for reasons of public policy." Id. at 814 (cleaned up).

Following Benn, we held in In re Abdul-Rahim that "personal injury or tort claims, unliquidated or otherwise," are neither exempted under Missouri state law nor federal law outside of § 522's exemptions. 720 F.3d 710, 712 (8th Cir. 2013) (Abdul-Rahim). We reaffirmed "that section 513.427 is an opt out rather than an exemption statute" and held that "unless In re Benn is overruled en banc or by the Supreme Court, it remains binding precedent, and is directly applicable" to whether "an unliquidated tort claim can be exempted from the bankruptcy estate." Id. at 712, 714. The bankruptcy court and the district court sustained the trustee's objection and disallowed the exemption, concluding our decisions in Benn and Abdul-Rahim are controlling precedents and rejecting the Debtors' contention that they were overturned by the Supreme Court in Rodriguez v. FDIC, 589 U.S. 132 (2020). That is the issue on appeal.

## II.

Like the debtors in Abdul-Rahim, "Debtors argue that under Missouri law, they are or should be allowed to exempt an unliquidated personal injury claim . . . ." Id. at 712. They argue Abdul-Rahim "incorrectly expanded" our "narrow" holding in

Benn that only addressed the applicability of § 513.427 under § 522(d) to exemptions of federal tax refunds under Missouri law. This argument mirrors the debtors' assertions in Abdul-Rahim "that In re Benn's holding is narrow and stands only for the proposition that Missouri Revised Statute § 513.427 does not create an exemption for tax refunds." Id. at 713.

"It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." United States v. Rethford, 85 F.4th 895, 897 (8th Cir. 2023) (quotation omitted). We expressly held in Abdul-Rahim that the language in Benn -- that Debtors call dicta -- "is an integral part of In re Benn's analysis" and therefore "unless In re Benn is overruled en banc or by the Supreme Court, it remains binding precedent, and is directly applicable to the issues in this case." 720 F.3d at 714. We otherwise must reject Debtors' arguments that Abdul-Rahim misinterpreted Benn and violated the Erie doctrine in requiring a state statutory basis for bankruptcy exemptions other than the opt-out language in § 513.427. Id. at 712, 714 n.4, citing U.S. Tr. Co. of N.Y. v. Zelle, 191 F.2d 822, 825 (8th Cir.1951).

Benn and Abdul-Rahim have not been overruled or even questioned by our court en banc. Thus, this appeal turns on Debtors' contention that the Supreme Court's decision in Rodriguez "effectively overturns this Court's decision in Abdul-Rahim and abrogates this Court's decision in Benn."

The Court in Rodriguez addressed a different issue, one that had divided other circuits -- whether federal common law or state law should determine the right to a distribution of federal tax refund payments owed to a group of corporate entities that file consolidated returns. Many federal courts, in the absence of federal statutory or IRS guidance, followed a "general rule" created by the Ninth Circuit in In re Bob Richards Chrysler-Plymouth Corp., 473 F.2d 262, 265 (9th Cir. 1973) -- absent a tax allocation agreement between the group members, the refund belonged to the member responsible for the losses that led to it. But the Sixth Circuit disagreed, ruling that

"federal common law constitutes an unusual exercise of lawmaking which should be indulged . . . only when there is a significant conflict between some federal policy or interest and the use of state law." Rodriguez, 589 U.S. at 135, quoting FDIC v. AmFin Fin. Corp., 757 F.3d 530, 535 (6th Cir. 2014). The Supreme Court granted certiorari and, agreeing with the Sixth Circuit, abrogated the "Bob Richards rule" and remanded the Rodriguez case to the Tenth Circuit. The unanimous Supreme Court explained:

> We took this case only to underscore the care federal courts should exercise before taking up an invitation to try their hand at common lawmaking. Bob Richards made the mistake of moving too quickly past important threshold questions at the heart of our separation of powers. [Our opinion] supplies no rule of decision, only a cautionary tale.

Id. at 138.

The Court's explanation makes it clear that Rodriguez did not overrule or abrogate our controlling precedents in Benn and Abul-Rahim, We disagree with Debtors that Benn and Abul-Rahim represent an invalid exercise of *federal* common lawmaking. As the bankruptcy court explained, federal common lawmaking

> compris[es] a process of judicial, rather than legislative, lawmaking in the absence of applicable state law. Rodriguez, 140 S. Ct. at 717. The case at bar involves interpretation and review of actual Missouri state statutes. Moreover, Rodriguez never mentions issues similar to the opt-out state exemption language involved in Benn and Abul-Rahim, much less the rulings in those cases.

Rodriguez serves as an important reminder for federal courts to guard against *creating* federal common law on an issue governed by state law. But it did not decide "how this case should be resolved under state law," 589 U.S. at 138, and which state statutes would govern the exemption issue, the key question in this case. Rodriguez

-5-

did not even address how federal courts should interpret ambiguous or unsettled state law that governs an issue of federal statutory law implicating important federal issues, here, whether property is exempt from a federal bankruptcy debtor's estate.

In <u>Benn</u> we construed Missouri Revised Statute § 513.427 and applied that interpretation to the incorporation of state law in 11 U.S.C. § 522. To repeat what we held in <u>Benn</u>, "'exemption' is a term of art" in federal bankruptcy statutes that "refers to laws enacted by the legislative branch which *explicitly identify* property" that may be exempted. 491 F.3d at 814 (emphasis added). This is the interpretation of entwined federal and state statutes, not federal common lawmaking. <u>See</u> <u>Abdul-Rahim</u>, 720 F.3d at 713 ("interpret[ations] by the district and bankruptcy courts in Missouri" have acknowledged that <u>Benn</u> "require[s] a state statutory basis for bankruptcy exemptions"). "[T]he Missouri legislature has apparently declined the opportunity to amend its exemption statute, section 513.430, to add unliquidated personal injury claims, even in light of the numerous Missouri bankruptcy court decisions precluding such claims from exemption." <u>Id.</u> at 714. <u>Rodriguez</u> did not alter this landscape.

Because our controlling precedents remain intact, they continue to be binding. For these reasons, the district court did not err in affirming the bankruptcy court's Order denying Debtors' claim to exempt the pre-petition unliquidated tort claim from their bankruptcy estate. Accordingly, we affirm.

_____