# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-2965

_____

United States of America

*Plaintiff - Appellee*

v.

Jesus Alfonso Ruiz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: January 12, 2026
Filed: January 28, 2026
[Unpublished]

_____

Before LOKEN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After Jesus Ruiz pleaded guilty to conspiring to distribute controlled substances, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), (b)(1)(D), 846, the

district court,[1] in sentencing him to 210 months' imprisonment, determined that Ruiz was a career offender because he had two prior felony convictions for controlled substance offenses. *See* USSG § 4B1.1(a). On appeal, Ruiz maintains that the district court erred in deeming him a career offender because, he says, his 2015 Illinois conviction for possessing with the intent to deliver more than 5,000 grams of cannabis, *see* 720 Ill. Comp. Stat. 550/5(g) (2015), isn't a controlled substance offense since it doesn't categorically involve a controlled substance punishable under federal law. Elaborating on that contention, Ruiz explains that when he was convicted of the Illinois offense, Illinois didn't exclude hemp from the reach of the offense, contrary to what federal law now does with respect to marijuana offenses. And since federal law is narrower than Illinois law at the time of his conviction, the argument runs, his Illinois conviction cannot be a career-offender predicate.

Our court, though, has already held that a controlled substance underlying a state conviction need not be a controlled substance under federal law to constitute a controlled substance offense under the Sentencing Guidelines. *See United States v. Bailey*, 37 F.4th 467, 469–70 (8th Cir. 2022) (per curiam); *United States v. Henderson*, 11 F.4th 713, 718–19 (8th Cir. 2021). Ruiz contends that we can disregard *Bailey* and *Henderson* because they are inconsistent with some of our prior decisions, but our court has already found that argument unconvincing. *See United States v. Ellis*, 129 F.4th 1075, 1083 (8th Cir. 2025). And since our panel is bound to follow the decisions of prior panels, *see United States v. Rethford*, 85 F.4th 895, 897–98 (8th Cir. 2023), we reject Ruiz's contention.

Affirmed.

———————————————————

———————————————

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.